JUDITH SNOWMAN *versus* BURNHAM WARDWELL.

In an action by a female for a breach of promise of marriage, the fact that she had committed fornication with other men, is no defence, if, at the time of making the contract, the defendant had knowledge of the misconduct.

Nor is proof of such misconduct a defence against such a contract, made by the defendant before, but continued by him as a subsisting contract after, he had knowledge of it.

*Generally,* a new trial will not be ordered on the ground of newly discovered evidence, if the same be merely cumulative.

It is a rule that new trials, on the ground of newly discovered evidence, will not be granted, unless it shall seem to the court probable that it might alter the verdict.

ASSUMPSIT, upon an alleged breach of a contract of marriage. In order to prove the contract, the plaintiff proved attentions by the defendant to her in 1847 and 1848.

The defendant denied having entered into such a contract. He also contended that, if such a contract should be proved, the plaintiff, by committing fornication with other men in August, 1847, had absolved him from the obligation to marry her. Evidence upon these points was presented to the jury.

Some of the plaintiff's witnesses testified that the defendant continued his visits and his attentions to her until into 1848. The trial was in the District Court, HATHAWAY, J.

"The court instructed the jury, *that,* if the plaintiff, after a mutual engagement of marriage between her and the defendant, committed the crime of fornication with any other man, the defendant would be thereby absolved from such engagement; *that,* after he obtained a knowledge of the misconduct, it was optional with him whether to break off, or to continue the contract ; *that,* subsequently to the knowledge of such misconduct, he might enter into such a contract with the plaintiff; and *that,* if he waived the misconduct, or entered into the contract after he had knowledge of it, he would be bound by the contract."

The verdict was for the plaintiff, and the defendant excepted.

*Kelley,* for defendant. The instruction gave to the jury

too great a latitude of inference. It authorized them to infer from floating rumors, that defendant knew of plaintiff's misconduct, and that, from attentions to her after the existence of such inferred knowledge, he entered into a new contract with her. A mere continuance of attentions, after a knowledge of the plaintiff's misconduct, would not bind him to marry her. The rule of *condonation inter nuptos* is not applicable. After being told of her fault, he disbelieved it. The ruling required him to believe mere rumor, or rather presupposed that he must have believed it. In the nature of the case, *rumor* was all the evidence he could have. How was he to obtain the *knowledge?*

*Peters,* for plaintiff.

WELLS, J., orally. — There was testimony tending to show that, whatever may have been the plaintiff's misconduct, the defendant had information of it; and that he, nevertheless, continued his visits and attentions to her.

The jury were instructed that the defendant would not be excused from the contract, if he continued it in force, after he had *knowledge* of her misconduct.

It is argued that the ruling was erroneous, because it required the plaintiff to believe or pre-supposed him to have believed, whatever rumors he might hear.

But the ruling did not relate to *rumors,* which he might have heard. It related to *knowledge,* which he possessed.

If, after knowing of her conduct and character, the defendant continued the original contract in force, or made a new contract to marry, there is no principle of law, which can relieve him from performing it.

The Judge did not assume to instruct the jury, what, or how much, evidence was necessary, in order to prove that the defendant had the knowledge. That matter was left wholly with them.

*Exceptions overruled.*

The defendant moved for a new trial on the ground of newly discovered evidence. To sustain the motion, he offers

not *testimony*, but affidavits merely. This is not according to the practice. We can therefore consider the motion merely in the light of a proposition to postpone the case, till the testimony can be had. But we have examined the affidavits. If put into deposition form, they would not constitute a sufficient ground for the ordering of a new trial. It is mostly cumulative. We do not say that a new trial cannot, in any case, be granted on the ground of evidence merely cumulative.

The ground of the rule is that, as the matter was before the jury, and they had viewed the features of the case, it is to be presumed the evidence proposed to be added, on the very point before them, would not have altered their conclusions. It is, however, conceivable that evidence might be introduced, such as would lead the jury to a different result. But for that purpose the evidence must be very strong. Besides, unless the rule was quite stringent, there would be no end to litigation. But some of the affidavits state facts, not of the cumulative character. To them, another principle is deemed applicable, which is, that a case will not be opened to a new trial, unless the court should think it probable the new evidence would alter the verdict. Such is not our impression in this case.        *Motion for new trial overruled.*