Thomas Butler, Plaintiff in Error, *v.* Susanna Eschleman, Defendant in Error.

### ERROR TO CLINTON.

In an action for breach of promise of marriage, the defendant may show the bad character of the plaintiff, if it appear that her character was unknown to him at the time of the promise. And this either in bar of the action, or in mitigation of damages.

A defendant in such case, cannot prove general character, or particular acts which may be the result of his own fault.

This was an action in assumpsit for a breach of promise to marry. Plea — general issue. Trial by jury, and verdict for plaintiff for $250. The cause was tried before Breese, Judge, at October term, 1855, of the Clinton Circuit Court.

On the trial, the defendant proposed to prove particular acts of the plaintiff, on various occasions, before and after her intimacy with the defendant, tending to show that she was an unchaste woman; the circuit court refused to admit evidence of particular acts of lewdness with other men than the defendant, unless the acts had been communicated to the defendant after his supposed promise.

J. N. Haynie, for Plaintiff in Error.

G. Kœrner and R. Bond, for Defendant in Error.

Scates, C. J. On trial of the general issue for breach of promise, defendant below offered to "prove particular acts of the plaintiff on various occasions, before and after her intimacy with the defendant, tending to show that she was an unchaste woman." This proof the court refused to admit, "unless the same were communicated to the defendant after his supposed promise."

Upon this arises the question here.

We think the ruling correct. Not, however, in the exclusion

of particular facts — that is the proper mode of establishing such a defense, in cases of this character — but a suitor, with a full knowledge of the character, and all the past improprieties, lewdness and unchasteness of his lady-love, will be considered to have waived all objection to her on that account, by a promise of marriage. But it will be otherwise, if the facts, and her character, be unknown. A very sensible distinction is laid down in *Boynton* v. *Kellogg,* 3 Mass. R. 189, as to the defenses, in bar and in mitigation, and the circumstances under which the defense is admissible, with its effect in bar of plaintiff's action, or in mitigation of damages merely; 1st, if the woman was of bad character at the time of the contract, and that was unknown to the defendant, the verdict ought to be in his favor. 2d, if the plaintiff, after the promise, had prostituted her person to any person other than the defendant, she thereby discharged the defendant. 3d, if her conduct was improperly indelicate, although not criminal, before the promise, and it was unknown to the defendant, it ought to be considered in mitigation of damages. And 4th, if such were her conduct after the promise, it was proper, in the same view, for the consideration of the jury.

This case is approved by the court in New York, in *Palmer* v. *Andrews,* 7 Wend. R. 143. And the case of *Irving* v. *Greenwood,* 1 Carr and Payne R. 350 (12 Eng. C. L. R. 209), expressly decided that if a man *knowingly* promise to marry an immodest and loose woman, he is bound to do so. While the contract is held obligatory, and full damages given for breach of those entered into fairly, and with a full knowledge of the other's character and conduct, yet the party may avoid the contract altogether, for previous unknown, or subsequent criminality; and he may mitigate the damages by showing improprieties of lesser degrees of criminality committed before, if unknown, or subsequently. See *Morton* v. *Fenn,* 3 Douglas R. 211.

The facts and circumstances of misconduct, for which damages are mitigated, are slight enough to vindicate the chastest feelings against undue condemnation. *Foulkes* v. *Sellway,* 3 Esp. R. 236; *Willard* v. *Stone,* 7 Cow. R. 22; *Leeds* v. *Cook,* 4 Esp. R. 257; *Atchison* v. *Baker,* Peake Add'l C. 103, 124, S. C.; *Wharton* v. *Lewis,* 1 Carr and Payne R. 529; *Foote* v. *Hayne,* id. 546; (12 Eng. C. L. R. 305, 313.)

But while this is true, and the defendant is entitled to offer in mitigation, general rumor of bad character — *Baddeley* v. *Mortlock,* 1 Holt N. P. R. 151; 3 Esp. R. 236 — yet he shall not bar the action without proof substantiating the charges; nor shall defendant be allowed to offer general reputation, or particular acts, which were the result of his own fault and

seduction. *Boynton* v. *Kellogg, supra.* The rule is just — no one should be permitted to take advantage of his own wrong, to defend himself from responsibility by alleging evils and mischiefs of which he is the author.

So upon the strongest analogy, no one may mitigate damages by reason of conduct and character which, *being known* to *him* at the time of making the promise, constituted no objection in his mind and feelings to entering into the contract itself.

As is said in *Irving* v. *Greenwood,* the party is bound by the contract entered into with such knowledge; so shall he not be allowed to set up such a defense, either in bar or mitigation. This does not confound, in the assessment of damages, the virtuous with the prostitute, but simply denies such distinction to one who has neither the taste and judgment to make it, or for other motives and influences, has waived it by accepting, as satisfactory, the person and character of a prostitute. In no class of contracts is a defendant allowed to diminish his liability for defects known to him, unless he protect himself by an express warranty.

*Judgment affirmed.*