FREDERICK M. KANTZLER

v.

ADA E. GRANT.

1. BREACH OF PROMISE TO MARRY—FACTS EXCUSING PERFORMANCE—WHEN THEY MAY BE ASSERTED.—If facts exist which in law constitute a defense to an action, the defendant therein may avail himself of them for the first time on the trial of the cause; so where the defendant was sued for breach of a promise to marry, he may for the first time on the trial, set up by way of defense, that the plaintiff was affected with a venereal disease; and his right to such defense is not affected by his failure to previously place his refusal upon such grounds.

2. BAD CHARACTER OF THE PLAINTIFF—MAY BE SHOWN IN MITIGATION OF DAMAGES.—In an action of this nature, the bad character of the plaintiff as a lewd woman, may be shown in mitigation of damages. The injury to the character of a virtuous and good woman would be greater than to that of one who is depraved and abandoned, and the breach of such a promise will not occasion the same anguish of mind or produce the same injury to the reputation of a prostitute as to a pure woman.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. Geo. F. Blanke, for appellant; that bad health, if such as to incapacitate from marriage or render it improper or unsafe, is a good defense to the action, cited 2 Parsons on Contracts 67; Atchison v. Baker, Peake, 103; Sprague v. Craig, 51 Ill. 288; Wenger v. Calder, 78 Ill. 275.

Upon the question of damages: St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; Burnett v. Simpkins, 24 Ill. 264; Bench v. Merrick, 1 Car. & K. 463.

Where it is not manifest that the verdict may not have been influenced by faulty instructions, a new trial should be given: T. W. & W. R'y Co. v. Corn, 71 Ill. 493; Volk v. Roche, 70 Ill. 297.

Mr. J. Lyle King, for appellee; that if appellant introduced evidence as to the character of appellee, in bad faith, for the purpose of blackening or defaming her character, such purpose might be considered in aggravation of damages, cited Fidler v. McKinney, 21 Ill. 314.

That appellant should have shown that he refused to perform his promise for the reason stated on the trial: Irving v. Greenwood, 1 C. & C. 350.

Where substantial justice has been done, erroneous instructions will not reverse: Elam v. Badger, 23 Ill. 498; Newkirk v. Cone, 18 Ill. 449.

Murphy, P. J.  This was an action of assumpsit, commenced in the Circuit Court of Cook county by the appellee against the appellant, for the breach of an alleged contract of marriage. Upon a trial of the cause in the court below, appellee recovered a verdict and judgment for five hundred dollars, from which appellant prayed an appeal to this court, and brings the record here and asks a reversal of the judgment, on the sole ground that the court erred in, 1st, giving the instructions asked by the appellee; 2nd, in refusing to give the instructions asked by appellant; and 3d, that the court erred in modifying the instructions asked by the appellant, and giving them as modified.

There was no motion made for a new trial in the court below,

and therefore no question is made in this court upon the facts in the case, and the inquiry is narrowed to the single question of whether there is error in the action of the court in respect to the instructions given by the court to the jury. On the trial appellant requested the court to instruct the jury as follows: "Although the jury shall believe, from the evidence, that defendant promised to marry plaintiff, yet if the jury further believe from the evidence that at the time such promise was made the plaintiff was apparently in good health, and defendant had no reason to believe and did not know that plaintiff was subject to venereal disease, but that the defendant afterwards discovered that the plaintiff was subject to a venereal disease commonly called the syphilis, then the jury are instructed that under such circumstances the defendant might lawfully refuse to marry the plaintiff." This the court refused to do, but added these words of its own motion: "And if on that account he did refuse," and as thus modified the same was given to the jury, to which the appellant, excepted. If facts exist which in law constitute a perfect defense to an action, it is not perceived why a defendant may not avail himself thereof for the first time, if you please, on the trial of the cause. Under the rule of law announced by the instruction as modified, a defendant would be estopped to avail himself upon the trial of any defense or reason for refusing to perform his contract, however good and valid in law, unless at the time of such refusal he sees well to it that he is able to prove that he placed his refusal upon the proper grounds, for however good and legal defense he may have in law, it is unavailing unless his action is in fact caused by that which constitutes the legal defense.

We think the instruction as asked was a correct statement of the law as applicable to the case, and should have been given, and that it was error to refuse it.

On the question of damage the appellant asked the court to instruct the jury as follows:

"Even if the jury should believe, from the evidence, that the alleged contract of marriage is subsisting, yet the jury will take into consideration the character and habits of the plaintiff, and if they believe, from the evidence, that she was addicted

to lewdness, this circumstance should be considered in esti-
mating the damages, and no person guilty of such practices
ought to recover as much damages as a pure-minded and vir-
tuous person."

This the court refused to give, and after the word lewdness,
of his own motion, inserted the words, "with other person or
persons after the contract was made," and as thus modified
gave the same to the jury, to which appellant excepted. This,
we think, was error. In Bennett v. Simpkins, 24 Ill. 264, our
own Supreme Court, having this subject under consideration,
says: "The proposition is too plain to be denied, that the injury
to the character of a virtuous and good woman is greater than
to that of one who is depraved and abandoned.  *  *  *  *
It will not be insisted that the breach of promise will occasion
the same anguish of mind, or produce the same injury to the
reputation of a prostitute, as to a pure woman.  *  *  *  *
If the previous bad character for virtue were not known to
defendant when he entered into the engagement, and it came
to his knowledge subsequently, it would absolve him from its
performance.   But while this is true, if the want of virtue on
the part of the plaintiff was known to the defendant at the
time, it forms no grounds of defense to the action, but it may
be shown in mitigation of damages, for the reason that its
breach does not result in the same injury as if the character
had been good."   Thus, it will be seen that the rule of law is,
as laid down in the instructions as asked by the appellant, and
should have been given.   The rule is obviously a just one, the
principles of which commend themselves to all right thinking
people, and one by no means new, but in respect to which we
think there is but little if any conflict in the authorities.  · A
further reference to authorities is not deemed necessary.   The
errors above alluded to are fatal to the judgment in the court
below, and for which it is reversed, and the cause remanded.

.       .   .       Judgment reversed.