STEWART, Respondent, vs. SMITH, Appellant.

*December 18, 1895 — January 7, 1896.*

*Seduction: Previous unchastity: Evidence.*

1. In an action for the seduction of plaintiff's daughter evidence of her want of chastity prior to the alleged seduction is admissible in mitigation of damages; and such want of chastity may be shown not only by general reputation and specific acts of unchastity but by evidence tending to show impure conversation and improper and familiar association with men.

2. Evidence was admissible in such a case that, prior to the alleged seduction, the daughter, in company with a man other than the defendant, had been driven about the city, going to no particular place, in a hack with closed curtains.

3. A question asked of the keeper of an hotel in a city other than that in which the parties lived, as to whether on a certain day the daughter stopped at his hotel, was perhaps proper if merely introductory to further evidence, but is not shown to have been so.

Stewart vs. Smith.

4. Evidence of the bad reputation of a young woman whom a witness testified he had several times seen in company with plaintiff's daughter, in the evening and at night, going to rooms kept by young men who did not live there or have any place of business there, was admissible as bearing on the daughter's chastity.

5. The daughter having testified that she had been riding with defendant several times previous to and about the time of the alleged seduction, one whom she had named as an eye-witness to one of these occasions should have been allowed to contradict her.

6. Defendant, having admitted on cross-examination that he had paid money to a doctor for services to the daughter at the time of her confinement, should have been permitted on re-examination to explain why he paid it.

APPEAL from a judgment of the circuit court for Eau Claire county: FRANK M. FISH, Judge. *Reversed.*

The action is for the seduction of the plaintiff's unmarried daughter, Lizzie. The claim of the plaintiff is that his daughter, who was twenty-four years of age, was his housekeeper, and had general charge and management of his househould affairs, and performed most of the work of caring for the household; that she was of chaste character; that some time about the month of June, 1893, the defendant seduced the said Lizzie, and had sexual intercourse with her at many different times between the date of the seduction and the subsequent month of December, whereby she became pregnant by the defendant, and gave birth to a child on May 5, 1894, by reason of which seduction and pregnancy the plaintiff has been greatly damaged. The answer was a general denial and an allegation that before the alleged seduction the said Lizzie was a woman of unchaste character and reputation. There was verdict and judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

For the respondent there was a brief by *Geo. C. & Fred A. Teall*, and oral argument by *Fred A. Teall*.

NEWMAN, J.   The errors alleged are, for the most part, in the admission and rejection of evidence, and to the charge of the court.   It will be necessary to consider some of the more important.   They relate, in the main, to the rejection of evidence tending to show a want of chastity in the woman, Lizzie Stewart, at the time of her alleged seduction.   This class of evidence is proper to be received for the purpose of mitigating the damages; for, surely, if she was unchaste previously to defendant's intercourse with her, the plaintiff would be less damaged than if a previously chaste daughter had been debauched.   Besides, it tends to make doubtful that the defendant is responsible for the pregnancy and the loss of service consequent upon it.   Want of previous chastity may be proved by general reputation and specific acts of unchastity, not only, but by evidence which tends to show impure conversation and improper and familiar association with men.   *West v. Druff*, 55 Iowa, 335.   The court in that case very cogently remarks, " Conversations, acts, and associations are manifestations of character, and constitute the true index of the heart."   Even acts of an equivocal character may be competent to be received on this question; for it is the province of the jury to determine what such acts indicate, and to give to them their proper value, in the light of all the circumstances.   This principle seems to have been recognized by the trial court, but he seems to have applied it with exceeding illiberality towards the defendant.   The following are some examples:

The defendant asked the witness James Hayes, who was a hack driver, this question: "I will ask you, Mr. Hayes, if at any time prior to June, 1893, you drove Lizzie in your hack, in company with a certain gentleman, whose name you need not mention, with the curtains of the hack closed, and drove around the city, going to no particular place?" This question was objected to as "incompetent, irrelevant, and immaterial."   The court asked, "How is this material?"

Defendant's counsel, "As evidence tending to show a lack of chastity." The objection was sustained. The proposed testimony certainly tended to show that the young woman had placed herself in a compromising situation, and an improper association with a man, indicating, at least, levity of character. It was a situation unusual to modest women, and subject to animadversion. It was evidence proper to be considered by the jury on the question of her previous chastity, in the light of all the evidence on that question.

A witness, J. M. Ingram, keeper of an hotel at Menomonie, was asked: "I will ask you if, on the 13th day of June, 1893, Miss Stewart stopped at your hotel?" The question was objected to, and the objection was sustained. No ground of the objection or ruling is stated. Nor did the defendant's attorney, so far as appears, state what he expected to prove by the witness. As it appears on the record, it is mere trifling. Of course, the question was of an immaterial fact, if the fact embraced in the question was all that was proposed to be proved by the witness. But, if the question was only introductory to the real purpose, it was competent. From some conversation between the court and counsel, it is inferred that it was understood that the question was merely introductory, and that the ruling was understood to cover the competency of the evidence proposed to be introduced. What was proposed seems to be indicated by a remark of the witness: "I thought they either went walking or riding. One gentleman is all that I remember of." Probably the evidence was competent. But the defendant's attorney has failed to make it apparent to this court that it was so.

A witness, W. H. Nichols, who testified that in the summer of 1893, and previous to August of that year, he saw the woman, Lizzie, accompanied by a young woman of the town, several times, in the evening and night-time, going to certain rooms, over the store of his employer, which were

Stewart vs. Smith.

kept by young men who "didn't live there and didn't have any place of business there," and "were not club rooms." To a question whether he knew the reputation of the young woman who accompanied her on these occasions, an objection was interposed, when the court remarked: "I am expecting you to bring this within the rule I have announced,— the rule which would be in vogue in bastardy cases, as to access. It has no bearing upon chastity." To this remark exception was taken. The witness then answered that he had heard people say that she was "a regular loose character,— what is commonly known as a 'chippie.'" It is not obvious why this evidence had "no bearing upon chastity." It related acts of a compromising character, with other men, at about the time of her alleged seduction by the defendant. Lizzie is sure that the seduction took place in the month of June. That is, of course, only her estimation of the date, for no close date for it is fixed. It was not an event of which the date was noted, for certainty of remembrance; and there is a margin to be allowed for errors in the comparison of events, in order to fix the date even approximately. And, if the acts narrated by the witness really occurred at about the uncertain date of an actual seduction, it would be a fair question for the consideration of the jury whether they transpired before it and were not fair *indicia* of real character at its actual date.

The woman, Lizzie, had testified that at about the time of the alleged seduction, and previously, she had been several times riding with the defendant. This was one of the circumstances which it was claimed led up to and accompanied the seduction. This the defendant denied. She named one John Stannick as an eye-witness to one of these occasions. Stannick was called, and asked, "Did you know of *Smith's* going out riding with Lizzie at any time?" An objection was sustained. It seems that it would be relevant to contradict her on this point. The evidence of the defend-

ant's taking her to ride was part of the evidence leading up to, and going to prove, the alleged seduction. It went to show the relation of the parties. It was competent to meet it with evidence.

The defendant testified on cross-examination that he had paid money to a doctor for services to Lizzie at the time of her confinement. On re-examination he was asked by his counsel to explain the circumstances, showing why he paid it. He was not permitted to do that. An objection was sustained. It is elementary that he had a right to make the explanation. Unexplained, the fact was susceptible of damaging inference, while a proper explanation might render it harmless. At least, the defendant was entitled to have the circumstance placed before the jury in its real setting and significance, so that the jury might draw the true inference from it.

It is evident, from the whole case, that the defendant did not have a fair trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.