## BOWMAN *v.* BOWMAN.

[No. 18,458. Filed November 28, 1899.]

PLEADING.—*Complaint.—Immaterial Averment.— Answer.— Breach of Marriage Promise.*—An allegation in a complaint in an action for breach of marriage contract that the parties during a previous marriage agreed to obtain a divorce and afterwards remarry, is immaterial, since the agreement was void, and a paragraph of answer traversing such allegation only is properly held insufficient. *p. 500.*

BREACH OF MARRIAGE PROMISE.—*Seduction.—Complaint.—Answer.—* Where in a suit for the breach of a contract of marriage seduction is alleged by way of aggravation of damages, a plea of previous unchastity must aver that such fact was not known to the defendant when he promised to marry the woman. *pp. 500, 501.*

INSTRUCTIONS.—*Must be Construed Together.*—All of the instructions given in a cause are to be considered, not as distinct and independ-

Bowman v. Bowman.

ent propositions of law, each complete in itself, but as interdependent, connected, and reciprocal members of the entire charge. *p. 502.*

INSTRUCTIONS.—*Breach of Marriage Promise.—Defense.*—Where in an action for breach of marriage contract the complaint alleged that defendant promised to marry plaintiff, and the answer attempted to excuse the breach of contract by averring lewd conduct on the part of plaintiff, it was proper to instruct the jury that if defendant based his right to a discharge from the contract on the immoral conduct of plaintiff, it must appear that he renounced his promise as soon as he reasonably could after such conduct was discovered by him, and that illicit intercourse between the parties after the promise was made constituted no defense to the action. *pp. 502-504.*

BREACH OF MARRIAGE PROMISE.— *Defense.— Evidence.*—Where the defense in a suit for breach of marriage contract is the lewd and immoral conduct of the plaintiff, the rules of evidence require that defendant shall be held to prove under such plea that the contract was broken by him on that account, and not upon some other ground not disclosed by the pleadings. *p. 504.*

ATTORNEY AND CLIENT.— *Confidential Relations.—Exclusion of Attorney from Assisting in Prosecutions.—Breach of Marriage Promise.*— Defendant in a suit for breach of marriage contract by a former wife made a motion supported by affidavit requesting the court to prohibit an attorney engaged in the prosecution from appearing against him for the reason that such attorney had been employed by defendant to conduct a divorce proceeding which resulted in the separation of the parties; that such attorney appeared for plaintiff, but was in fact employed by defendant, and acting as his attorney, and that by reason of such employment he had knowledge of all the facts upon which defendant relied for his defense in the case at bar. The affidavit was uncontradicted by plaintiff. *Held,* that the court erred in not excluding such attorney from participating in the prosecution. *pp. 504-507.*

From the Morgan Circuit Court. *Reversed.*

*H. C. Duncan, I. C. Batman, Willis Hickam, R. W. Miers* and *Edwin Corr,* for appellant.

*John R. East, R. G. Miller, J. E. Henley, J. B. Wilson, J. V. Mitchell* and *D. E. Watson,* for appellee.

DOWLING, J.—The appellee sued the appellant for the breach of a contract of marriage, and alleged by way of aggravation of her damages that she had been seduced by him.

The parties were of mature years, and had previously been married, had lived together for ten years, and had been divorced. A trial by a jury resulted in a verdict and judgment for appellee. The defendant below appealed.

The errors assigned and discussed are the rulings of the court on the demurrers to the sixth, tenth, and eleventh paragraphs of the answer, and its decision on the motion for a new trial.

The sixth paragraph of the answer, to which a demurrer was sustained, is directed only to that part of the second paragraph of the complaint which alleges an agreement of the parties to procure a divorce and afterwards to remarry. In support of this paragraph, counsel for appellant say that "such a promise is against public policy, and is void." It is true that an agreement of this character is void; but the fact so averred in the complaint is wholly immaterial, and the rule in such cases is, that, if an allegation in the opposite pleading be altogether immaterial, it cannot be traversed; otherwise the object of pleading, viz., the bringing the parties to an issue upon a matter or point decisive of the merits, would be defeated. And, upon this ground, it is said, that mere matter of aggravation, not going to the cause of action, or mere inducement or explanatory matter not in itself essential to, or the substance of, the case, should not be traversed. 1 Chitty Pl. 612; Stephen on Pl. 241, 425.

As the sixth paragraph of the answer to the second paragraph of the complaint traversed an immaterial allegation only, the court did right in holding it insufficient.

The tenth paragraph of the answer is addressed to the third paragraph of the complaint, and assumes to answer the whole of that paragraph. It states, in substance, that the appellee, prior to her alleged seduction by appellant, was unchaste, and had been guilty of specific acts of lewdness with other men. In framing this paragraph, the fact seems to have been overlooked that the substantive cause of action, stated in the third paragraph of the complaint, which it seeks

to avoid, is the breach of a contract of marriage. The seduction of the female is charged, but this fact is averred by way of aggravation only. In an action for seduction, the unchastity of the woman at and before the time of the perpetration of the wrong by the defendant may, under some circumstances, constitute a complete defense; but, in a suit for the breach of a contract to marry, where the seduction is alleged in aggravation of the damages, a plea of previous unchastity must aver that this fact was not known to the defendant when he promised to marry the woman. A promise of marriage to a woman who has been guilty of lewd behavior, if made with a knowledge of her improper conduct, is binding, and the fact of her previous evil life constitutes no defense to an action founded upon a breach of the promise. *Irving* v. *Greenwood*, 1 Car. & P. 350; *Bench* v. *Merrick*, 1 Car. & K. 463; *Sprague* v. *Craig*, 51 Ill. 288; *Denslow* v. *Van Horn*, 16 Iowa, 476; *Snowman* v. *Wardwell*, 32 Me. 275; *Von Storch* v. *Griffin*, 77 Pa. St. 504; *Johnson* v. *Smith*, 3 Pittsburgh (Pa.) 184; *Berry* v. *Bakeman*, 44 Me. 164.

This paragraph of the answer admits, by implication, the promise to marry the appellee, but attempts to avoid the legal consequences of a breach of that agreement by averments that the appellee was not a virtuous woman; that previous to her marriage with appellant she had been pregnant with a bastard child of which one Bryant was the father; that she had had illicit carnal intercourse with a man whose name was unknown to the appellant, which fact she had acknowledged to the appellant; and that she had been guilty of fornication with one Wilson. If, with knowledge of these things, the appellant saw fit to enter into a contract to marry the appellee, he had the right to do so, and he would be bound by his engagement. If he was deceived as to her former life and conduct, and was ignorant of the fact that she was an unchaste woman, this want of knowledge should have been averred in the answer. Under the authorities

above cited, the failure to aver that the unchaste character of the appellee was unknown to the appellant before entering into the alleged engagement, rendered that pleading insufficient.

The eleventh paragraph of the answer is, substantially, the same as the tenth, and is objectionable on the same grounds.

It is next insisted that the third instruction, given by the court at the request of the appellee, is erroneous, because it limits the effect of the evidence introduced by appellant attacking the reputation of the appellee for morality and chastity, to the mitigation of damages only, thereby depriving appellant of the benefit of this evidence in discrediting the appellee as a witness. If this instruction stood alone, the objection would be well taken. But it appears that it was only one of a series of instructions as to the effect of the impeaching evidence, and that, in the seventh and tenth, the jury were plainly told that if they found from the evidence that the plaintiff was a person of bad moral character, that fact should be considered by them in determining what weight, if any, should be given to her testimony.

This court has held in many cases that all the instructions given are to be considered, not as distinct and independent propositions of law, each complete in itself, but as interdependent, connected, and reciprocal members of the entire charge.

The eleventh and twelfth instructions, given by the court of its own motion, are substantially repetitions of the sixth, and are objected to on the same grounds. Like the sixth, they are to be understood as qualified or extended by the seventh and eighth instructions asked for by appellant, and, so interpreted, we think there was no error in giving them.

Instructions numbered eight and eight and one-half, given by the court of its own motion, are objected to as not applicable to the pleadings and evidence, and for the further reason that they are incorrect statements of the law. These

Bowman v. Bowman.

instructions are as follows: "(8)  If the defendant in an action for breach of marriage contract bases his renunciation of and his right to a discharge from his contract upon the bad or immoral conduct of the plaintiff, it must appear that his refusal to consummate his promise was due to such bad or immoral conduct, and that he renounced his promise as soon as he reasonably could after the conduct happened, or was discovered by him.  Dissolute conduct, upon the part of the woman, is no defense, if the man was a party to it, or connived at it.

"(8½)  Illicit intercourse between parties to a marriage contract, after the promise is made, is no defense to an action for a breach.  A plaintiff's immorality or unchaste conduct with third persons, after the promise, is no defense if done with defendant's connivance or consent, or if knowing it, he continued his attentions and engagement."

The objection that these instructions were not applicable to the pleadings and the evidence is not borne out by an examination of the record.  Each paragraph of the complaint alleges that appellant promised to marry the appellee.  The ninth paragraph of the answer charges the appellee with grossly immoral conduct, both before her marriage to appellant, and after her divorce from him.  But this paragraph does not controvert the allegations of the complaint as to the promise to marry appellee.  It attempts to excuse the breach of that agreement by averring lewd conduct on the part of the appellee.  On the trial there was a great deal of evidence, not only as to the existence of improper relations between appellant and appellee, but as to accusations of immorality made by him against her.  Under these circumstances, it was entirely proper to instruct the jury in regard to the right of the appellant to renounce his engagement on account of such dissolute conduct, the limitations upon that right, his duty to assert it, and the time at which he should make such assertion, and the legal effect of connivance or consent on his part to such conduct with third

persons.   On these points, we are of the opinion that the jury were correctly advised by the court.

Where the defense in a suit for breach of marriage contract is the lewd and immoral conduct of the plaintiff, the ordinary rule of evidence requires that the defendant shall be held to proof under such a plea that the contract was broken by him on that account, and not upon some other ground not disclosed by the pleadings.   In this, as in all other cases, the proof must respond to the allegation.   It is said in *Burnett* v. *Simpkins,* 24 Ill. page 265: "And when it [the contract of marriage] is proved by the one or the other mode, the parties must be held liable for its breach precisely as in that of any other contract, unless the evidence discloses facts absolving the party from its observance.   If the want of virtue is relied on for that purpose, the knowledge of that fact must have been acquired after entering into the engagement, and defendant must have terminated it immediately upon being apprised of the fact, otherwise that will be considered as forming, on the part of the defendant, no objection."   See, also, *Sheahan* v. *Barry,* 27 Mich. 217.

It is held in many cases that immoral conduct on the part of the woman constitutes no defense where the defendant was a party to it, or connived at it, on the principle that no one should be permitted to take advantage of his own wrong to defend himself from responsibility by alleging evils and mischiefs of which he is the author.   *Boynton* v. *Kellogg,* 3 Mass. 189; *Butler* v. *Eschleman,* 18 Ill. 44.

Objection is made to certain other instructions given by the court, but the views already expressed in this opinion render it unnecessary that we should consider them in detail. They were pertinent to the issues, and relevant to the evidence, and we think they were in harmony with the rules of law governing cases of this character.

Before the commencement of the trial, the appellant asked the court to prohibit Mr. John R. East from appear-

ing against him as one of the counsel for appellee.   His motion was supported by the affidavit of the appellant showing the reasons therefor.   The motion was overruled, and this ruling is one of the grounds upon which the appellant claimed the right to a new trial.   The affidavit, so filed, was in these words:

"Ella Bowman v. Peter Bowman.   In the Morgan Circuit Court. April Term, 1897.   Peter Bowman, the defendant in the above entitled cause, would show the court that he and the plaintiff were married, and lived together as husband and wife till sometime during the year 1890, when he was compelled to separate from her; that he employed John R. East, an attorney of the Monroe Circuit Court and of this court, to institute and to conduct such proceedings as should be necessary and proper to procure a legal separation of himself from the plaintiff; that subsequently, negotiations were begun, conducted, and carried on by the said East, as his attorney; that it was agreed that said plaintiff should institute the suit for divorce from this defendant; that he should not appear, but permit the judgment and decree to be entered by default; that in said negotiations all questions of the amount which should be paid in granting said decree was by this defendant submitted to and left in the hands of said attorney with whom he consulted and advised, for whose services and advice he paid.   That, in pursuance of the said agreement, the said East, as his attorney, for the said plaintiff, filed for her the necessary and proper pleadings and papers, and conducted the said cause, and procured a decree of divorce.   That during all of said time the said East was acting as the attorney of this defendant, and by him was employed, counseled, and paid; that everything which this defendant did in and about said suit was by and with the advice and procurement of the said East, as his said attorney, and that in all said matters he counseled, advised, and consulted freely and fully, and all the matters alleged in the complaint herein in which there is a semblance of truth were

done on the advice and procurement of the said East, after full consultation with said East, and in which he laid before the said East all the facts and information in his possession, or of which he had knowledge, for the proper presentation of his said cause, all of which appears by questions 439, 440, 441, 442, 452, 457, 459, 460, 464, 465, 466, 467, 468, 469, 470 471, 472, 473, 474, and answers thereto, of examination of plaintiff now on file. That subsequently a suit was instituted against this defendant, in the federal court, for breach of promise, by one Carrie D. Henry of St. Louis, in the state of Missouri; that for the purpose of making the proper defense of the said suit, and because the said East had been employed in the said divorce litigation, he employed the said East as an attorney in said cause to assist in his defense. That said East, by reason of his employment, must in the said divorce proceedings know of all the facts and circumstances connected therewith, and of the relations existing between the plaintiff and this defendant; that by the advice of the said East, as his attorney, he wrote the plaintiff letters, and cultivated friendly relations with her, in order to procure her friendship and to keep her from testifying against him on said trial, and, if it could be done, procure her testimony in his favor; that what he said to the plaintiff, and what he did, and how he conducted himself towards said plaintiff, and the letters he wrote, were all communicated to the said East, as his attorney, and all that was said or done was on the advice of the said East as his attorney. That whatever facts which may be alleged in the complaint in which there is any truth, or whatever facts or circumstances, which may be truthfully testified about in this case, in any way tending, directly or indirectly, actually or remotely, to sustain the allegations, were done or said in pursuance of the advice given by the said East, as his attorney, and all of which were fully and freely communicated to him in like capacity. That he fully paid said East as his said attorney; that he has never in any way released him

from his obligation to him as such attorney. That by an examination of the complaint, and other pleadings and papers in this case, and by actual observation, and conversation with said East, he has learned, and knows as a fact, that the said East, in violation of his obligations as such attorney, is appearing as an attorney for the plaintiff in this case. In consideration of the premises, this defendant asks the court to refuse the said East to appear as an attorney in this case, or in any way to assist in or about the presentation of the same.                              Peter Bowman.

Subscribed and sworn to before me this 31st day of May, 1897. Wm. A. Comer, Clk."

No offer or attempt to deny the matters set out in the affidavit was made. East was permitted to appear as one of the attorneys of the appellee, and took an active part in the conduct of her cause.

We think the court committed a grave error in permitting the attorney named in the affidavit to appear in the case as one of the counsel for the appellee. The affidavit, which was uncontradicted, states that, in the proceedings which resulted in a divorce of these parties, East was employed by the appellant, and was in fact acting as his attorney, and in his interest, although he appeared in that action as the attorney for the appellee; that as to all the matters stated in the complaint in the present suit which have any semblance of truth, East was consulted by the appellant, and that appellant's conduct toward the appellee was regulated by the professional advice of East; that appellant's relations to, and correspondence with the appellee were the result of, and were carried on in pursuance of, the advice of East, and that all of the facts in regard to such correspondence and behavior were communicated to the said East.

The circumstance disclosed by the affidavit of the appellant made it the imperative duty of the court to exclude Mr. East from participation in the case as an attorney for the appellee. Weeks on Attorneys at Law, §§120, 277; *Wil-*

son v. *State*, 16 Ind. 392; *United States* v. *Costen*, 38 Fed. 24.

The last point made on behalf of the appellant is that the damages are excessive. It is with great hesitation that this court interferes with a judgment in an action like the present on this ground. The amount assessed by the jury was $5,000. Upon a very careful review of the facts of this case, we are constrained to believe that the jury must have been influenced by prejudice or passion, and that in allowing so large a sum injustice was done the appellant.

For the error of the court in overruling appellant's motion for a new trial, the judgment is reversed.

Jordan, J., was absent.