GRACE COLBURN *vs.* CHARLES E. MARBLE.

Norfolk.    March 8, 1907. — October 16, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Evidence*, Of character or reputation, Relevancy and materiality. *Breach of Promise to marry. Contract*, Performance and breach. *Damages*, Mitigation. *Practice, Civil*, Conduct of trial, Exceptions.

In civil actions in this Commonwealth evidence of character or reputation is not admissible for the purpose of meeting evidence of specific acts of misconduct.

In an action for breach of a promise to marry, where the defendant has introduced, in justification of his refusal to marry the plaintiff, evidence of specific acts of unchastity on her part previous to the alleged promise, she should not be allowed, in rebuttal, to introduce evidence of her general reputation for chastity.

In this Commonwealth character cannot be shown by evidence of specific acts, but only by evidence of reputation.

Actual unchastity of one of two parties mutually promising to marry, either before or after the making of the promises, will justify the other party in breaking the engagement if there has been no waiver of the objection.

At the trial of an action for breach of a promise to marry, the defendant offered to show that, before the time of the alleged promise, the plaintiff had gone into the bedroom of a man lodging at her mother's house and conducted herself in a manner to entice him, that she had stood by without dissent and heard her mother suggest indecent and unchaste conduct on her part with men lodgers, that her mother at one time had pushed a married man into a bedroom where the plaintiff was naked, and that the plaintiff on various occasions had guarded the door of a bedroom where she knew her mother was committing adultery, thereby aiding and intending to aid the commission of the crime of adultery. The evidence was excluded. *Held*, that the evidence offered, although it tended to prove immodest and indecent acts of the plaintiff, and perhaps a violation of the criminal law, did not tend to prove unchastity on her part, and therefore was excluded rightly.

In an action for breach of a promise to marry, evidence of immodest and indecent acts of the plaintiff, or of violations of the criminal law on her part, cannot be introduced by the defendant to mitigate damages.

At the trial of an action for breach of a promise to marry, there was evidence, introduced by the defendant in justification of his breach of promise, that the plaintiff had committed fornication with a man other than the defendant. Evi-

dence which did not tend to show unchastity, but tended to show conduct on the part of the plaintiff which was immodest and indecent and in violation of the criminal law, rightly had been excluded, and then the defendant, having testified that, after a conversation with one W., he ceased going to the plaintiff's house, was asked " Whether or not it was because of what W. told him that he did not go afterwards to the plaintiff's house." The presiding judge refused to allow him to answer the question but permitted him to state all that he did after his conversation with W. There also was evidence that, until the defendant's conversation with W., the plaintiff for some time had been committing fornication with the defendant. The defendant contended that W. told him of the acts of unchastity of the plaintiff, evidence of which already had been admitted, and of the acts of immodesty and indecency and in violation of the criminal law, evidence of which had been excluded. *Held,* that justification of the defendant's breach of his promise could not be shown by evidence that he broke the engagement by reason of information which he received as to misconduct on the plaintiff's part not amounting to unchastity, and that such reason therefore was irrelevant and incompetent; and that, the defendant having been allowed to introduce evidence of unchastity of the plaintiff, the further fact that he was informed of it was irrelevant and immaterial, and therefore the question asked properly was excluded.

At the trial of an action for breach of a promise to marry in which justification was alleged as a defence, there was evidence of misconduct on the part of the plaintiff before the promise of the defendant such as would justify the defendant in breaking the engagement. The presiding judge instructed the jury that " if the plaintiff was guilty of unchastity before the defendant's promise to her, and did not inform him and he did not know of it until after action brought, the verdict must be " for the defendant; and then, at the request of the plaintiff and subject to exception by the defendant, ruled that " mere silence on the plaintiff's part, without inquiry by him, though resulting in the concealment of matters which would have broken the engagement if known, would not constitute fraud on the part of the plaintiff." *Held,* that the two rulings taken together were correct, since it was not the plaintiff's duty, in the absence of inquiry by the defendant, to communicate to him the previous circumstances of her life.

At the trial of an action for breach of a promise to marry in which justification was set up as a defence, there was evidence tending to show that the plaintiff had been guilty, before her engagement to the defendant, of acts of fornication with another man, but that the defendant did not know of such conduct. There also was evidence that the defendant, for some time until the breaking of the engagement, himself had been committing fornication with the plaintiff. The presiding judge, subject to exception by the defendant, ruled that, if the defendant abandoned the plaintiff " for any reason other than her fornication with another, such fornication would now be no defence to this action, even though he would have been justified at the time of such abandonment in breaking his promise by reason of such fornication if he had known of it." The jury found specially that the plaintiff had not been guilty of fornication with the other man, and found for the plaintiff generally. *Held,* that the ruling was erroneous, but that the defendant was not harmed by it, and that therefore the exception should not be sustained.

At the trial of an action for breach of a promise to marry, there was evidence that the plaintiff had committed fornication both with the defendant and with another man. The defendant asked for a ruling " that evidence of fornication on the

part of the plaintiff could be considered in mitigation of damages." The ruling was refused. *Held,* that the ruling rightly was refused, since, if it had been granted, by its terms fornication with the defendant could have been considered in mitigation of damages.

CONTRACT. Writ in the Superior Court for the county of Norfolk dated March 26, 1906.

The declaration alleged mutual promises of the plaintiff and the defendant to marry, that " under and wholly by reason of the defendant's promise to marry her," the plaintiff " was seduced by the defendant," and that, although the plaintiff was always ready to marry the defendant, he refused to perform his promise. The answer was a general denial, and an allegation that the defendant was justified in his refusal to perform his promise to the plaintiff, if he ever made one.

There was a trial before *Crosby,* J. The evidence introduced on behalf of the plaintiff tended to prove an express promise of the defendant to marry her made in June, 1903, and an implied promise made before the bringing of the action. The plaintiff always had lived with her parents who, before 1903, had kept lodgers among whom were one Bragg and one Smith. The defendant introduced evidence tending to controvert that of the plaintiff as to either an express or an implied promise by him to marry her; and he admitted that between June, 1904, and January, 1906, he had repeated sexual intercourse with her at her father's house. He then offered to show that, during 1902, while Bragg and Smith were lodging at her house, (1) the plaintiff, without lawful occasion, went into Bragg's bedroom while Bragg was in bed alone and awake and conducted herself in a manner to entice him, and that her mother said to her, without dissent from plaintiff or any indication that it was repugnant to her sense of decency, " Why don't you get into bed with him ? "; (2) that the plaintiff's mother once pushed another married man into the bedroom where plaintiff was naked, and locked the door on them; (3) that the plaintiff's mother had adulterous relations with Smith on divers occasions and that, while the unlawful conduct was in progress, the plaintiff guarded the door to give warning in the event of her father's appearing, thereby aiding and intending to aid such adultery; (4) that the plaintiff committed fornication with one Martin at another

time; (5) that the plaintiff's mother, in the plaintiff's presence, solicited a man to board at their house, and in reply to the question whether she had any room to accommodate him, and without dissent from plaintiff, the mother replied that he could sleep with plaintiff; and that the defendant knew of none of the facts which he offered to prove until he had a conversation with one Wilson in January or February, 1906.

The presiding judge allowed the defendant to introduce evidence as to fornication with Martin, and that the defendant did not knŏw of it before the conversation with Wilson, but, the defendant being unable to state that the evidence under any of the other offers would prove any criminal offence by the plaintiff, unless the facts stated in any of such offers were sufficient to prove such an offence, he ruled that none of such offers amounted to offer of proof of specific criminal misconduct of plaintiff and excluded the evidence therein offered, and the defendant excepted.

The defendant testified that he did not go to the plaintiff's house after his talk with Wilson, and was asked by his counsel " whether or not it was because of what Wilson told him that he did not go afterwards to the plaintiff's house." The plaintiff objected to the question on the ground that it was leading and incompetent as to substance. The judge ruled that " his reason is incompetent," and that he would " exclude that question in its present form "; and the defendant excepted.

The defendant then was asked by his counsel " In consequence of what did you abstain from going further to that house? ", the question was excluded, and the defendant excepted, but, at the argument of his exceptions in this court, waived the exception.

The jury found for the plaintiff and, in answer to a specific question, found that the plaintiff was not guilty of misconduct with Martin.

Other facts are stated in the opinion.

*E. Greenhood,* (*L. E. Fales* with him,) for the defendant.

*H. T. Richardson,* for the plaintiff.

SHELDON, J. In our opinion the plaintiff ought not to have been allowed to prove in rebuttal her good reputation for chastity. The general principle is that in civil actions evidence of

character or reputation is not admissible for the purpose of meeting evidence of specific acts of misconduct. *Day* v. *Ross*, 154 Mass. 13. Cases in which the character of the plaintiff is put directly in issue, as in slander or libel, or in which evidence of general reputation may be received as bearing upon a question of notice or of probable cause, are not really exceptions to the rule. This rule is clearly stated, with a full citation of authorities, in *Geary* v. *Stevenson*, 169 Mass. 23, 31. It was applied to an action for breach of promise of marriage, by the Supreme Court of Pennsylvania, in *Lecky* v. *Bloser*, 24 Penn. St. 401. It has been applied in England to the analogous case of an action by a parent for the seduction of a daughter. *Bamfield* v. *Massey*, 1 Campb. 460. *Dodd* v. *Norris*, 3 Campb. 519. The defendant merely had attempted to show specific acts of unchastity on the part of the plaintiff; he had not, by attacking her reputation, opened the field to her to offer evidence to support it, as in *Smith* v. *Hall*, 69 Conn. 651. So far as the decisions in some other States go beyond the doctrine here adopted we do not regard them as sound. The defendant's exception upon this subject must be sustained.

The defendant also offered to prove certain instances of immodest and indecent conduct of the plaintiff in 1902, prior to his alleged promise, together with evidence that he did not learn of these things until 1906, and that he then ceased his relations with her. This evidence, so far as it did not tend to show actual unchastity on her part, was excluded; and the defendant's exception to this ruling raises the next question to be considered.

There is much authority for saying that the defendant had the right to show, if he could do so, that the plaintiff's reputation for chastity was bad before the making of his promise. *Boynton* v. *Kellogg*, 3 Mass. 189. *Woodard* v. *Bellamy*, 2 Root, 354. *Von Storch* v. *Griffin*, 77 Penn. St. 504. *Capehart* v. *Carradine*, 4 Strob. 42. *Morgan* v. *Yarborough*, 5 La. Ann. 316. *Burnett* v. *Simpkins*, 24 Ill. 264. *Butler* v. *Eschleman*, 18 Ill. 44. *Denslow* v. *Van Horn*, 16 Iowa, 476. *Stewart* v. *Smith*, 92 Wis. 76. *Kantzler* v. *Grant*, 2 Ill. App. 236. But the evidence offered by the defendant could not have been admitted upon that ground; for it is settled in this Commonwealth that character is

not to be shown by evidence of specific acts, but only by evidence of reputation. *McCarty* v. *Coffin*, 157 Mass. 478. *Miller* v. *Curtis*, 158 Mass. 127, 131, and cases there cited. There is nothing inconsistent with this in *Sullivan* v. *Lowell & Dracut Railway*, 162 Mass. 536; and the rule as to human beings is recognized in *Palmer* v. *Coyle*, 187 Mass. 136, 139.

Actual unchastity, either before or after the making of a promise of marriage, if there has been no waiver of the objection, will justify a defendant in breaking the engagement for that reason. *Young* v. *Murphy*, 3 Bing. N. C. 54. *Irving* v. *Greenwood*, 1 C. & P. 350. *Bench* v. *Merrick*, 1 Car. & K. 463. *Snowman* v. *Wardwell*, 32 Maine, 275. *Foster* v. *Hanchett*, 68 Vt. 319. But these and the many other decisions which might be cited to the same effect do not help the defendant; for he was allowed to offer testimony of this kind, and none of the offers which were excluded went further than the claim that the plaintiff's actions had been immodest and indecent; *Fry* v. *Leslie*, 87 Va. 269; and conduct of this kind prior to the engagement never has been held to justify a breach of promise. Indeed, the mere fact that the plaintiff in a suit like this has in some respects violated the criminal law would not be enough for this purpose. *Berry* v. *Bakeman*, 44 Maine, 164.

The defendant however contends that the evidence was competent in mitigation of damages; and it has been held in some other States that indelicate, immodest, or indecent conduct on the part of the plaintiff in a suit of this character, though not amounting to actual unchastity, is yet to be considered by the jury in assessing damages. *Palmer* v. *Andrews*, 7 Wend. 142. *Stewart* v. *Smith*, 92 Wis. 76. *Stratton* v. *Dole*, 45 Neb. 472. And in *Boynton* v. *Kellogg*, 3 Mass. 189, the defendant was allowed at the trial to give in evidence any instances of misconduct and even of indelicacy in the plaintiff; but the decision of the full court was only that the defendant could not prove in mitigation of damages the plaintiff's general bad character after the promise and before the breach. The somewhat broader statements of this decision made in *Butler* v. *Eschleman*, 18 Ill. 44, and in the dissenting opinion of Davies, J. in *Johnson* v. *Jenkins*, 24 N. Y. 252, 258, are not to be supported.

The argument on which these cases were decided seems to

have been that a woman of loose conversation and immodest demeanor would suffer less from a breach of an engagement to marry than one of purer mind and more reserved bearing; a supposition which we think it would be difficult to justify. And it is not without significance that these decisions were made in States in which exemplary or vindictive damages are allowed in some instances to be given; and there was perhaps greater reason for allowing it to be shown that the plaintiff's conduct had not been morally blameless than would be the case in this Commonwealth, where no greater damages can be given than a compensation for the injury actually sustained. Nor does the argument seem to go further than to leave it to the jury to say what damages should be given to a woman of the character such as they might find to be indicated by what was shown to have been her conduct.· But if this is so, the evidence of her specific actions would be material only as throwing light upon her character; and we have already seen that in this Commonwealth, although a different rule prevails in some other States, character can be proved only by evidence of reputation.

Accordingly we find no error in the rulings refusing to admit the evidence which has been spoken of.

Nor has the defendant any right of exception to the ruling refusing to allow him to testify that it was because of what Wilson told him that he stopped going to the plaintiff's house. It may be that the question which he put was excluded by reason of its form; and the defendant at the argument before us waived his exception to the exclusion of a similar question put in a correct form. But we are of opinion that the evidence was incompetent in substance. The defendant's contention was that what Wilson told him included all the matters which had previously been excluded, and which we already have seen were incompetent. It may be granted that the defendant in a suit like this may show in defence that he broke off the contract to marry by reason of material misconduct in the other party. *Sheahan* v. *Barry*, 27 Mich. 217. *Snowman* v. *Wardwell*, 32 Maine, 275. *Espy* v. *Jones*, 37 Ala. 379. But this did not entitle the defendant either to introduce incompetent evidence under the guise of showing the reason for his acts, or to show that he had broken off his relations with the plaintiff for reasons which did not jus-

tify him in so doing.  As most of the matters communicated to
him by Wilson were incompetent and could not themselves be
testified to, it was immaterial whether his conduct was based
upon them.  He was permitted to testify to all that he did after
this conversation, and that under the circumstances was all that
he was entitled to.  Moreover, even if it could be supposed that
what he did was based wholly on material misconduct by the
plaintiff, the most that he could have testified to upon his story
would have been that he himself ceased committing fornication
with the plaintiff because Wilson told him that she had previ-
ously committed the same offence with some one else.  This
reason could not have fitted any claim of his so as to constitute
a defence.  Nor could the jury have disconnected this alleged
reason from the setting in which the defendant would have used
it, and attached it to an entirely different set of facts, the very
existence of which the defendant denied.  The defendant's state
of mind could have applied to the facts only as he then under-
stood them to be; it might or might not have been his state of
mind upon other and different facts.  Accordingly, the evidence
rightly was excluded.

The judge ruled that if the plaintiff was guilty of unchastity
before the defendant's promise to her, and did not inform him
and he did not know of it until after action brought, the verdict
must be for him.  This was correct.  The judge also added at
the request of the plaintiff that " mere silence on her part, with-
out inquiry by him, though resulting in the concealment of mat-
ters which would have broken the engagement if known, would
not constitute fraud on her part"; and the defendant excepted
to this.  But this too was correct.  *Van Houten* v. *Morse,* 162
Mass. 414, 416.  The parties have argued the case as if this
amounted to a withdrawal of the ruling first made; and, if that
were so, it would be erroneous for the reasons heretofore stated.
But we do not so understand it.  And the further ruling given,
that if the defendant abandoned the plaintiff "for any reason
other than her fornication with another, such fornication would
now be no defence to this action, even though he would have
been justified at the time of such abandonment in breaking his
promise by reason of such fornication if he had then known of
it," although supported by *Sheahan* v. *Barry,* 27 Mich. 217, was

erroneous, so far as it applied to any act of fornication which was not then known to him, and which accordingly he could not be said to have waived. The true rule was that which had been previously stated to the jury. But the defendant has not suffered by this error; for he relied only upon the testimony concerning the plaintiff's condition in September, 1903, which the jury must have found to have been due to the defendant himself, and upon his claim relative to Martin, which the jury have expressly negatived.

The defendant also excepted to the judge's refusal to instruct the jury that evidence of fornication on the part of the plaintiff could be considered in mitigation of damages. But this request was too broad. It included fornication committed with the defendant, and so could not have been given. *Espy* v. *Jones*, 37 Ala. 379. *Johnson* v. *Smith*, 3 Pittsb. 184. Nor, for the reasons above stated, has the defendant suffered by its not having been given.

The exception to the refusal of the judge to define the word " seduced," as requested by the defendant, has not been argued and we treat it as waived.

*Exceptions sustained.*