WENDT, Respondent, vs. LENTZ, Appellant.

*December 5, 1928—January 8, 1929.*

570

For the appellant there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck*.

For the respondent there was a brief by *William H. Markham* of Horicon, and *Hill, Thomann & Beckwith* of Madison, and oral argument by *John T. Harrington* of Madison.

ROSENBERRY, J.  On behalf of the defendant it is conceded, and we think advisedly, that it is not necessary in order to maintain an action for seduction that pregnancy or venereal disease should have resulted from the intercourse. The following cases are cited as having a bearing upon this question: *Klopfer v. Bromme,* 26 Wis. 372; *Stewart v. Smith,* 92 Wis. 76, 78, 65 N. W. 736; *Knight v. Wilcox,* 14 N. Y. 413; *Jex v. Straus,* 122 N. Y. 293, 301, 25 N. E. 478; *Ingerson v. Miller,* 47 Barb. 50, 51; *Abrahams v. Kidney,* 104 Mass. 222; *Blaggs v. Ilsley,* 127 Mass. 191.  From a consideration of these authorities it appears that some bodily or mental injury must have been sustained as a result of the defendant's wrong which caused in some slight degree at least a loss of services to the father or master. With these fundamental propositions in mind, we turn to an examination of the complaint in this case.  The material allegation of the complaint in this respect is "that in consequence of the wrongful acts of the defendant aforesaid, the said Marian Wendt suffered the loss of her virtue and chastity and became wild and unmanageable from sexual desires aroused thereby, and was shortly thereafter found to be incorrigible by the county court of Dodge county and sentenced to confinement," etc., and "the plaintiff has been deprived of her services for more than six months last past and such loss will continue until she becomes of age."

If the pleader had concluded at the end of the second paragraph of the complaint under the liberal rules which obtain in this jurisdiction in the construction of a pleading demurred to, it might have been inferred that there was a loss of services sufficient to sustain the action. The pleader did not conclude with the second paragraph, and by the allegations of the third paragraph left nothing to inference, but explicitly states to what the loss of services complained of was due. It clearly and definitely appears from the allegations of the third paragraph that the only loss of service which the plaintiff has sustained is that due to her commitment for incorrigibility to the Home of the Good Shepherd. Conceding as argued on behalf of the plaintiff that the wrongful conduct of the defendant aroused in the daughter certain desires and passions, it is equally apparent that she was not committed as incorrigible because of that, but rather because of lack of normal inhibitions and power of self-restraint and self-control. For the lack of these normal powers of self-restraint and the inhibitions which a normal individual has, she has been committed as incorrigible. It is quite apparent that the defendant by his wrongful acts did not create the lack of such normal self-restraint and inhibitions, but that the same are a part of the child's inheritance or result from lack of training, for which the defendant is in no way responsible. No reasonable person could argue for a moment that one or more acts of sexual intercourse in the case of a normal individual result in a degree of wildness and unmanageability which amounts to incorrigibility for which the individual may be restrained. The mere fact that the two things synchronize is immaterial. The loss of services complained of must result proximately from the wrongful conduct of the defendant in order that he may be made liable therefor. The complaint demurred to discloses no such causal relation, but on the contrary discloses the fact that commitment of plaintiff's daughter is

due to an inherent defect of character which could not have been produced by the wrongful acts of the defendant. By a well established rule of law a complaint which discloses no loss of services does not state a cause of action. The loss of services may be slight and when established opens the door to a wider field. No such loss is alleged in the complaint, and the demurrer should have been sustained.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to the trial court to sustain the demurrer.