## ESTHER BERRY *versus* JOSEPH Y. BAKEMAN.

Proof that the plaintiff in an action for the breach of a promise of marriage, is a loose and immodest woman, and that the defendant broke his promise on that account, is a bar of the action; but if, when he made the promise, he had knowledge of these facts, it is no defence.

A breach of the criminal law by the plaintiff is no bar to a suit for breach of a promise to marry, especially where there is no evidence that the defendant was informed thereof or refused to marry the plaintiff on that account; but may be given in evidence upon the question of damages.

This action is for an alleged BREACH OF PROMISE OF MARRIAGE by the defendant, and comes before the full court upon EXCEPTIONS, the verdict being against him, to the rulings of APPLETON, J.

The defendant introduced evidence of the plaintiff's bad character for chastity generally, and evidence tending to prove specific acts of immodest, unchaste, and criminal conduct on the part of the plaintiff with other men, particularly

with one Foss. On these points rebutting evidence was put in by the plaintiff.

The evidence in this case showed that the defendant was a widower, fifty-two years of age, and resided in Oldtown. The plaintiff was twenty-eight years of age, and worked in the defendant's family as a " hired girl," before and up to the time of his wife's death. That after her death the plaintiff kept house for the defendant at two or three different periods, up to the first of May, A. D. 1854. That she did not live with or keep house for the defendant after the first days of May, A. D., 1854. There was evidence that he continued his attentions to April, 1855, and there was evidence that the plaintiff was addicted to the use of profane language, and had threatened to take the life of the relatives of the defendant's deceased wife; and it was proved that she cannot read or write.

The defendant's counsel requested the judge presiding to instruct the jury that if the plaintiff was guilty of profane cursing and swearing, and that she made threats against the family of the defendant's deceased wife if they objected to her having charge of the defendant's children; that such profanity and cursing and swearing, and such threats made by the plaintiff after she had left the defendant's house the last time, if believed by the jury, would be a sufficient justification for the defendant to break any promise of marriage, if any such existed at that time between him and the plaintiff.

The judge declined to give these instructions, but instructed the jury that this evidence was proper for their consideration in determining the rights of the parties, with the other evidence in the case in reference to the question of damage, to which the plaintiff might be entitled, if entitled to recover.

*E. Kent* and *J. E. Godfrey,* counsel for the plaintiff.

*C. P. Browne,* counsel for the defendant.

Tenney, C. J. In law, the proof that the plaintiff, in an action for the breach of the promise of marriage, is a loose and immodest woman, and that the defendant broke his prom-

ise on that account, goes in bar of the action; but if it should appear that when he made the promise, he was aware of these circumstances, it is no defence. *Irving* v. *Greenwood*, 1 Car. & Payne, 350.

In the case of *Leeds* v. *Lock and als.*, 4 Esp., 256, which was an action for breach of promise of marriage, Lord Ellenborough said, " That though a promise to marry was proved, yet if it appeared that the plaintiff was a man who had conducted himself in a brutal and violent manner, and had threatened to use her ill, she had a right to say that she would not commit her happiness to such keeping, and she might set it up as a good legal defence; but he considered that the gross manners of the plaintiff only went to the damages, and not to the verdict. The action may be barred on other and various grounds. And it may well be said generally, that whatever misconduct in the party who brings the action, unknown to the other party, when the contract was made, or occurring subsequently, and when made known to him, he refuses to fulfill the promise, tending necessarily to destroy the confidence essential to connubial happiness, and suited to defeat the great purposes of the marriage relation, may properly absolve him from his obligation, and be a defence.

But no case has been found, which sustains the principle, that a breach of the criminal law in the plaintiff, accruing after the promise, or before the promise, of which the party contracting is ignorant, will necessarily be a bar to a suit. It is a criminal offense for a person to trade or do any work on the Lord's Day, works of necessity and charity excepted, but it cannot be contended that proof of such offense will be a legal answer to an action for a breach of the promise to marry the plaintiff, when it cannot be invoked in a defence in any other action of assumpsit.

Profane cursing and swearing is evidence of a depraved taste, as well as of a disregard of moral propriety, in one who will indulge in their use. Threats to take the life of a human being, even if not intended to be executed, evince grossness

of manners; and if uttered under the influence of excited and angry passions, may well be regarded as the fruit of feelings of a highly malicious character. But neither can be considered a bar to a suit like the present, as an imperative rule of law, even if the defendant on that account should immediately upon being informed thereof, refuse to fulfill his promise.

The instruction, that the use of the language, as represented in the testimony by the plaintiff, was proper for the consideration of the jury, in determining the rights of the parties, with the other evidence in the case, in reference to the question of damages, was not erroneous.

The case does not find that any evidence was introduced tending to prove that the defendant refused or declined to marry the plaintiff, on the ground that she had made use of the offensive language imputed to her, or that he had been informed thereof; nor was the instruction requested upon any such hypothesis, and therefore the judge did not err in the refusal, even if such conduct would have barred the suit, for the breach of his promise, for that reason. *Irving* v. *Greenwood*, before cited.

*Exceptions overruled.*
*and judgment on the verdict.*