# ABBIE M. FOSTER v. HENRY H. HANCHETT.

## January Term, 1896.

*Breach of promise. Unchastity as a defense. Construction of exceptions.*

1. In an action for breach of promise to marry, that the defendant learned after making the promise that the plaintiff was an unchaste woman, is a defense.

2. General reputation of unchastity is not a bar.

3. _Held_, that the words "loose and immodest" was used in the bill of exceptions were equivalent to unchaste.

Breach of promise to marry. Plea, the general issue. Trial by jury at the May term, 1895, Windsor county, Taft, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

*Hunton & Stickney* and *W. E. Johnson* for the defendant.

If the defendant ascertained, after making the contract to marry, that the plaintiff was unchaste, he was thereby absolved from his contract. *Boynton* v. *Kellogg*, 3 Mass. 189; *Willard* v. *Stone*, 7 Cowen 22; *Palmer* v. *Andrews*, 7 Wend. 142; *Irving* v. *Greenwood*, 1 C. & P. 350; *Capenhart* v. *Carradine*, 4 Strob. 42; *Butler* v. *Eschelman*, 18 Ill. 44; *Berry* v. *Bakeman*, 44 Me. 164; *Bell* v. *Eaton*, 28 Ind. 468.

*Tarbell & Whitham, Dillingham, Huse & Howland,* and *J. J. Wilson* for the plaintiff.

The bad reputation of the plaintiff cannot be shown in bar. *Baddely* v. *Mortlock and wife*, 3 Eng. C. L. 67 ; *Butler* v. *Eschlmen*, 18 Ill. 44-45 ; *Capehart* v. *Carridine*, 4 Strob. 42-45 ; *Alberts* v. *Alberty*, 78 Wis. 72-74 ; *Cole* v. *Holliday*, 4 Mo. 94-104 ; *Johnson* v. *Caulkins*, 1 John. Ca. 116-117 ; *Willard* v. *Stone*, 7 Cow. 21-24 ; *Dunstan* v. *Van Horn*, 16 Iowa 476 ; *Kilby* v. *Highfield*, 14 Pac. Pep. 744-750 ; *Button* v. *McCauley*, 38 Bar. 413-418.

ROWELL, J. This is an action for the breach of a promise of marriage. No question was made but that a contract of marriage was entered into between the parties, but the defendant claimed that it was conditional, while the plaintiff claimed that it was absolute.

The defendant introduced testimony tending to show that the plaintiff was of loose and immodest character, and had been improperly and immodestly intimate with one Fuller, who was a married man ; that the plaintiff disclosed nothing of this to him, and that he did not know of it until after he had made the promise ; and that when he learned of it, he cancelled the engagement by reason thereof. In the charge the court limited this testimony to the mitigation of damages, and denied it effect as a defence, because not pleaded. The plaintiff concedes that if matter of defence it need not have been pleaded, but she insists that it is not matter of defence, because she says the exceptions do not mean that the testimony tended to show that she was loose and immodest in the sense of being sexually impure, but only as being such in behavior. But it is quite obvious that the first is what is meant. A loose woman, a woman of loose character, is an unchaste woman in the ordinary signification of those terms. By an unchaste woman is meant a sexually impure woman, ordinarily ; and that is what the testimony tends to show the plaintiff to be. This being so, it is very clear that it was a defence, if made out and the defendant was ignorant of it

when he made the promise. Abbott, C. J., said in *Irving* v. *Greenwood*, 1 C. & P. 350, 12 E. C. L. 209, that if any man has been paying his addresses to one that he supposes to be a modest person, and afterwards discovers her to be a loose and an immodest woman, he is justified in breaking any promise of marriage that he may have made to her. . Here the word "loose" is used in the sense of unchaste, for the defendant claimed that the plaintiff had had a child by another man. The doctrine of this case is adopted everywhere. *Capenhart* v. *Carridine*, 4 Strob. S. C. 42; *Von Storch* v. *Griffin*, 77 Pa. St. 504; *Berry* v. *Bakeman*, 44 Me. 164; *Espy* v. *Jones*, 37 Ala. 379; Note, 63 Am. Dec. 543.

In *McCarty* v. *Coffin*, 157 Mass. 478, the offer was to show that the plaintiff "had had an intimacy with several different men." The word "intimacy" was held to mean nothing more than close and familar acquaintance, and hence that the testimony offered was not admissible for any purpose.

The case of *Cole* v. *Holliday*, 4 Mo. App. 94, is not at all opposed to the general doctrine above stated, as will be seen on examination.

But general reputation of bad character in respect of chastity is no bar. In order to bar, the defendant must prove that the plaintiff is in fact what she is reputed to be. *Butler* v. *Eschleman*, 18 Ill. 44.

*Reversed and remanded.*