TEXAS & P. RY. CO. v. TUCKER. (No. 532.)*

(Court of Civil Appeals of Texas. El Paso. March 2, 1916. Rehearing Denied March 16, 1916.)

1. DAMAGES ⊜130—INJURY TO PASSENGER—VERDICT—EVIDENCE.

In an action for personal injuries received while riding on defendant's train, evidence *held* sufficient to support a verdict for $1,500.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. ⊜130.]

2. APPEAL AND ERROR ⊜548(4)—IMPROPER COMMUNICATION TO THE JURY—AFFIDAVIT—RECORD—BILL OF EXCEPTIONS.

On appeal, error was assigned on the overruling of defendant's motion for a new trial because of a communication made to the jury out of court, and the motion for a new trial had attached to it an affidavit of the person communicating with the jury setting forth the substance of the conversation. *Held*, in the absence of a bill of exceptions setting forth the fact that evidence was heard on such motion, and setting forth the evidence so heard, the assignment of error will be dismissed, under Rev. St. 1911, art. 2021, providing that the court shall hear evidence on motion for a new trial because of a communication made to the jury; the statute requiring proof to be made by the personal appearance and examination of the witnesses in open court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2439; Dec. Dig. ⊜548(4).]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Susan Tucker against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Russell & Gillett, of El Paso, and Geo. Thompson, of Dallas, for appellant. Lea, McGrady & Thomason and Leigh Clark, all of El Paso, for appellee.

WALTHALL, J. The appellee brought this suit to recover damages for personal injuries, which she alleges she sustained, while a passenger on one of appellant's trains. · She alleged that on the 15th day of October, 1914, while she was in the negro coach and seat assigned to her by appellant, and while asleep, by reason of some violent and negligent jar of the train, or by reason of a collision of the train with an engine or other train, or by reason of some violent impact of the train, or violent and unusual motion or jar of said train, she was with great force thrown to the aisle of the coach, and sustained injuries in the ends of her fingers of her left hand and to her right elbow, and to her head, back, and hip, and was injured internally, and states specifically the said injuries, the extent of them, and the pain

and inconvenience suffered therefrom. Appellant answered, traversing the facts alleged as to the negligence and the injuries alleged. The court submitted the case to the jury on a general charge, and the jury returned a verdict in favor of the plaintiff, upon which judgment was rendered for appellee for the sum of $1,500.

[1] Appellant's third assignment and proposition thereunder are to the effect that the verdict of the jury for $1,500 is excessive for the reason that the uncontradicted evidence shows that plaintiff was old and in a weak and infirm condition, and at the time of the accident was suffering from a tumor in her abdomen, which caused her to suffer, in the manner complained of, prior to her injuries; that her injuries were slight and temporary, and from which she has fully recovered; and that the evidence did not warrant a verdict for more than nominal damages. The court gave the following as a part of the charge to the jury:

"You are charged that, even though you may believe from the evidence that the plaintiff, at the time of the alleged accident and injury to her, was not physically well, or that she had a tumor, if she did, then you are charged that if her condition was aggravated by reason of her being thrown from her seat, by the negligence of defendant, if any, if she was, and that the effect of her injuries, if any, upon her, were by reason of her physical condition made more serious, you should find for the plaintiff to the extent of the aggravation, if any, and her injuries, if any, notwithstanding you may believe she was not physically sound at the time of her injuries; and, in this connection, you are charged that the defendant would not be liable to plaintiff for any injuries or physical impairment which she may have had and would have had, independent of any negligent act or omission of defendant, its agents or servants."

We do not think the evidence shows only slight injuries justifying only nominal damages. The evidence of Susan Tucker shows that for several days following the accident she suffered much pain in her hand, elbow, back, hips, and head, and was confined to her bed for several weeks. She had a physician attending her at Dallas, and again after she returned to El Paso. She testified that she continued to suffer much pain from her injuries long after her return to El Paso. Dr. Miller, a physician · who attended her in some ailment prior to her injuries and who called to see her after her return to El Paso, stated that at that time she complained of dizziness, headache, pain in her sides and back. He said that the pain in her right side and hip could not be attributed to the tumor. He advised her to have Dr. Love, then attending her, continue the treatment. Dr. Miller, answering a hypothetical question, said:

"If Susan Tucker's pains have continued up to this time [time of trial, June, 1915] I would say, if her injuries had been slight, there would be no manifestation of pain at this time, and, assuming that she did receive such injuries and she has continued to suffer pain, as a physician,

---

I would say that the prognosis of her affliction would be they will be indefinitely prolonged."

Dr. Love, after stating that he had known plaintiff 10 or 12 years and had examined her before her injuries and found a growth or tumor, said, among other things:

"I know the time she made the trip to Mineral Wells or Dallas. It had been some time before that I had occasion to call on her or make an examination of her. When I examined her after the accident, I found a bruised spot on her elbow, and some little something the matter with her finger; don't remember the nature of that. I examined her body and told her it would require some little time to tell the state of her injury. I saw her every day for a month or two after that. Her condition slowly improved. She complained most of soreness in the side, loss of sleep, nervousness—she didn't eat much—and she complained of severe headaches and backaches. I treated her for that, and it continued until I ceased to treat her. I treated her for two or three months. When I ceased to treat her, her injuries were better and internal soreness had grown better. A person in the condition she was (from the tumor) could not stand a shock as well as one in a normal condition. I applied linament and recommended massage. I gave her powders to make her sleep. She wasn't as heavy the last time I observed her as she was before she left on that trip."

Dr. Love, answering a hypothetical question, said:

"Assuming that she was violently hurled from her seat to the aisle of the car by a collision, and that before that she was free from pain in her back, hip, and head, and that following the shock such pains became manifest, I would say the shock caused the pains. * * * I told Dr. Satterlee, the osteopath, to begin her treatments light. The medicine I had given Susan helped her, relieved her, but hadn't cured her. If Susan's pains have continued severe up to the present time [June, 1915] the chances are they will continue indefinitely. She complained of pains in her head, back, and hip. She didn't complain of these before she made the trip. In my opinion her symptoms were aggravated by the shock."

Dr. Satterlee stated that when he called, the plaintiff was suffering from pain in the head, neck, and side, and stated the cause of it, knew that Susan Tucker was suffering pain, and did not come to that conclusion from what the patient said, but from the condition in which he found her, and stated in detail her condition. The evidence is sufficient to sustain the verdict, and the assignment is overruled.

[2] Appellant complains that during the trial one of the jurors discussed the facts and merits of the cause with an outsider who had not and did not testify as a witness in the case, and that the conversation had was communicated to the other jurors, thereby causing the jurors to become prejudiced against defendant and to render an excessive verdict. Appellant called the attention of the court to the fact of such conversation in its motion for a new trial, and attached the affidavit of the outsider to the motion as an exhibit, and part of the motion in which the substance of the conversation was given. The ground in the motion for new trial is dehors the record, misconduct of a juror not

in the presence of the court, and there is no bill of exceptions, showing the relevant facts as proved on the trial. In the absence of a bill of exceptions, it is impossible for this court to know what evidence the trial court had on the matter complained of when the ruling on the motion was made. Article 2021, Revised Statutes 1911 provides that where the ground of the motion for new trial is misconduct of the jury, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof, and makes it competent to prove such facts by the jurors or others by examination in open court; and, if the matter of misconduct proven or the testimony received or communication made be material, a new trial may, in the discretion of the court, be granted. There is no suggestion here that appellant offered or the court heard any evidence on the matter stated in the motion or the ex parte affidavit attached to the motion. The affidavit itself was not offered or considered as evidence of the facts stated in the motion. The Dallas Court of Appeals, in Dallas Consolidated Electric Street Railway Company v. Kelley, 142 S. W. 1005, in construing the article of the statute above, said:

"It seems * * * the language used in the statute excludes the idea that the misconduct of the jury can be shown by affidavits, but requires proof of such to be made by the personal appearance and examination of the witnesses in open court."

In the absence of a statement following the proposition, showing what the evidence was on the fact made the ground of the motion, the assignment must be overruled. Again, we are of the opinion that, whatever the conduct of the juror was, the verdict rendered was not excessive.

The case is affirmed.