was stated by Judge White in Milontree v. State, 30 Tex. App. 151, 16 S. W. 764, as follows:

"If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the misspelling and variance is immaterial."

Perhaps the two cases nearer in point than others are Brooks v. State, 2 Tex. App. 1, and Westbrook v. State, 23 Tex. App 401, 5 S. W. 248, the first holding Lindley and Lindsay not to be idem sonans, and the other to the same effect as to Chapman and Chatman.

We think appellant's contention must be sustained. The names of *Denby* and *Dendy* do not occur to us to be idem sonans when the foregoing rules are applied. The court was in error in charging the jury as a matter of law that the variance was immaterial.

The judgment is reversed, and the cause remanded.

---

### ROBINSON v. SHOCKLEY.  (No. 10734.)

(Court of Civil Appeals of Texas. Fort Worth. June 14, 1924. Rehearing Denied Oct. 18, 1924.)

**1. Continuance ⬤═37—Application for a continuance, based upon failure of subpœnaed witnesses to appear, held properly overruled.**

In action for breach of marriage contract, defendant's application for continuance, based upon absence of subpœnaed witnesses by whom defendant intended to prove plaintiff's immoral character and illicit intercourse with several men, *held* properly overruled, under Rev. St. art. 1918, when not stating cause of absence of witnesses, or showing that fees were paid or tendered especially where no affidavits of such witnesses were attached to motion, for new trial, and there was no evidence that defendant would not have promised to marry plaintiff, if he had known of such relations.

**2. Breach of marriage promise ⬤═3—Promisor's marriage no defense.**

That promisor, in breach of marriage promise, was already married at time of making promise is no defense, where fact was unknown to promisee who entered into marriage agreement in good faith.

**3. Appeal and error ⬤═690(1)—Assignment not supported by bill of exceptions not considered.**

Assignment that defendant, in action for breach of marriage promise, was compelled to testify will not be considered, where bill of exceptions does not show that testimony tended to incriminate him, or that he claimed privilege of refusing to testify.

**4. New trial ⬤═140(3)—Motion for new trial for misconduct of juror must be supported by evidence.**

Under Rev. St. art. 2021, on motion for new trial for misconduct of juror, evidence must be introduced to show such misconduct; ex parte affidavits not being sufficient.

**5. Appeal and error ⬤═528(4)—Bill of exceptions must show evidence offered in support of motion for new trial for misconduct of juror.**

On review of denial of new trial for misconduct of juror, testimony offered to prove such misconduct must be shown by bill of exceptions.

**6. New trial ⬤═157—Allegations, on motion for new trial, of misconduct of juror, supported only by affidavit, need not be denied.**

On motion for new trial for misconduct of juror, adverse party need not deny allegations of misconduct, when they are supported only by affidavits.

**7. Appeal and error ⬤═516—Order adjudging juror and others in contempt has no proper place in record.**

Order of court, adjudging juror and other persons to be in contempt for alleged misconduct, has no proper place in record on appeal.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Action by Lena Shockley against M. C. Robinson. From a judgment for plaintiff, defendant appeals. Affirmed.

Binkley & Binkley, of Graham, for appellant.

Weldon & McDonald, of Wichita Falls, and Vincent Stine, of Henrietta, for appellee.

DUNKLIN, J. M. C. Robinson has appealed from a judgment rendered in favor of the plaintiff, Lena Shockley, for $1,000, as damages for the defendant's alleged breach of contract to marry her. The case was tried before a jury, who in answer to special issues submitted to them, found:

First. That defendant entered into an agreement to marry the plaintiff; the date of his promise being September 10, 1921.

Second. That on December 6, 1921, the defendant refused to comply with his promise, and then and there breached his contract.

Third. That defendant represented to the plaintiff at the time or before he agreed to marry her that he had been divorced from his former wife, and that plaintiff believed and relied upon that representation.

Fourth. That plaintiff in good faith intended to carry out and comply with her agreement to marry defendant, but that defendant did not intend to comply with his promise of marriage.

Fifth. That the defendant procured and had carnal intercourse with the plaintiff by reason of his promise of marriage.

Sixth. That plaintiff suffered damages by reason of the breach of the defendant's contract, the amount of which was fixed by the jury at $1,000.

[1] Complaint is made of the action of the court in overruling the defendant's first application for a continuance, based upon the absence of witnesses who had been subpœnaed to appear and testify as witnesses for the plaintiff. The names of several witnesses were set forth in the application for continuance, by whom it was alleged the defendant expected to prove that the plaintiff was a woman of immoral character and of bad repute, and that she had had illicit carnal intercourse with one of the witnesses named, and with divers and sundry other men. Attached to the application were subpœnas which had been issued at the request of the defendant and served upon the witnesses, commanding them to appear in court on the day on which the case was tried.

The application for continuance was not in strict compliance with the provisions of article 1918 of the Revised Statutes, in that it failed to state the cause of the failure of the witnesses named to appear and testify if such cause was known to the defendant. Since the application for continuance was not in strict conformity with the article of the statute above noted, it cannot be said that the defendant had the right to a continuance as a matter of law. Furthermore, the application did not show that the witnesses had been paid or tendered witness fees, and, even though it was defendant's first application for continuance, it may be said, as was said by the Supreme Court in T. & P. Ry. Co. v. Hall, 83 Tex. 675, 19 S. W. 121, that "a mere service of a witness by subpœna without a tender of the fees of the witness is the slightest diligence that a party can use."

Furthermore, to the defendant's motion for new trial, in which he complained of the action of the court in overruling the motion for continuance, he did not attach the affidavit of any of the witnesses to any of the facts which he alleged, in his motion for continuance, he expected to prove by those witnesses. Moreover, we are cited to no testimony of the defendant on the trial that he would not have promised to marry the plaintiff in any event, if he had been informed of her immoral relations with other men, or that she was a woman of a bad reputation for chastity. On the contrary, he testified that he himself had illicit relations with her several times; nor did the application for continuance show that the alleged illicit relations with other men occurred prior either to the date on which the jury found the defendant promised to marry the plaintiff, or the date which they found he breached his promise of marriage. Appellant's first assignment of error is therefore overruled.

Curry v. State, 72 Tex. Cr. R. 463, 162 S. W. 851, 18 R. C. L. p. 414.

[2] According to the testimony of the defendant, he was a married man at the time of the alleged promise to marry the plaintiff, and for that reason it is insisted his promise to marry was therefore against public policy and void. It seems to be well settled by the authorities that the fact that the promisor, in such a case, is already married at the time of making the promise furnishes no defense to an action for a breach of the promise, where that fact was unknown to the promisee, and where the promisee in good faith likewise enters into the marriage agreement, relying upon the agreement of the promisor. See 9 Corpus Juris, pp. 324, 325, and numerous authorities there cited. 3 Williston on Contracts, § 1631.

[3] There is no merit in the assignment complaining of the action of the court in requiring the defendant to testify as a witness when called to the stand by the plaintiff. The bill of exception, shown in the record to that ruling, recites the fact that counsel for plaintiff, on opening the case, called the defendant as the first witness before offering any other testimony, and that the defendant then and there objected to testifying as the first witness and at the instance of the plaintiff for the following reasons:

"For the reason that the law requires the plaintiff to make out a case before the defendant is required to testify. For the reason that said cause of action is quasi criminal in its nature, and is testimony intended to incriminate and did incriminate."

But the bill of exception does not set out any testimony that was given by the witness after he had been placed upon the stand, and, in the absence of some showing that the defendant was required to give testimony tending to incriminate him, and that when he was called upon to give the same he then and there claimed the privilege of refusing to testify by reason of that, the assignment now under consideration is overruled.

[4] Another assignment of error is addressed to the action of the court in overruling the defendant's motion for new trial, based upon alleged misconduct of one of the jurors. According to affidavits attached to the motion, one of the jurors, during the trial of the cause, discussed the testimony with three persons other than jurors. But no evidence was offered to sustain the motion as to those matters.

Article 2021 of the Revised Statutes reads as follows:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of same, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence there-

of; and it shall be competent to prove such facts by the jurors or others, by examination in open court; and, if the misconduct proven, or the testimony received, or the communication made, be material, a new trial may, in the discretion of the court, be granted."

[5] It is well settled by the authorities that evidence must be introduced upon a hearing of the motion for new trial, in order to show misconduct of the jury while considering the case, as provided by that statute, and that ex parte affidavits are not sufficient for that purpose. Jones v. Wichita Valley Ry. Co. (Tex. Civ. App.) 195 S. W. 890; Hines v. Parry (Tex. Civ. App.) 227 S. W. 339; Dallas Consol. Elec. St. Ry. Co. v. Kelley (Tex. Civ. App.) 142 S. W. 1005 (writ refused); Willingham v. Brown (Tex. Civ. App.) 163 S. W. 107; City of Fort Worth v. Curry (Tex. Civ App.) 160 S. W. 134. And it is further held that the testimony offered to prove such misconduct of the jury must be shown by bill of exception taken to the action of the court in overruling the motion for new trial. T. & P. Ry. Co. v. Tucker (Tex. Civ. App.) 183 S. W. 1188.

[6] It is also held that it is not necessary for the adverse party to deny allegations of misconduct of a juror, when those allegations are supported only by affidavits. Crosby v. Stevens (Tex. Civ. App.) 184 S. W. 705.

[7] It follows, therefore, that what purports to be an order of court appearing in the record, adjudging the juror and other persons to be in contempt of court for what the defendant alleged to be misconduct on the part of the juror, cannot be given any effect; especially since that order has no proper place in this record.

Accordingly all assignments of error are overruled, and the judgment is affirmed.