**KENT v. BUCHANAN.**

Nos. 8662, 8679.

United States Court of Appeals District of Columbia.

Argued Jan. 25, 1945.

Decided March 19, 1945.

Messrs. Royal T. McKenna and Otis Beall Kent, pro se, both of Washington, D. C., for appellant.

Mr. Lester Wood, of Washington, D. C., with whom Mr. Arthur L. Willcher, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellee sued appellant in the District Court for breach of promise of marriage and for defamation of character. Appellant answered setting up ten specific grounds of defense. Appellee moved to strike and the District Court granted the motion as to Defenses Nos. 3, 4, 5, 6, part of 9, 10, and a proposed 11. On appellant's application to this court we granted a special appeal to review the order of the trial court.

Appellant's Defense Number Three was based on a charge of appellee's ineligibility to contract a marriage or an engagement to marry, because she was then legally married and a divorce decree obtained by her in a Virginia court some twelve years previously had been obtained by fraud and collusion and was accordingly void.

An inspection of the record in the Virginia divorce suit, which appellant had filed as part of his defense, shows that appellee (plaintiff in that suit) was then domiciled within the jurisdiction of the Virginia court and that her husband (defendant in that suit) was duly served with process. The testimony given in support of these facts was uncontradicted and the judgment of the Virginia court, in the circumstances, cannot now be reopened at the suit of a stranger. The record in the Virginia case clearly shows that the Virginia court had jurisdiction of the parties and over the subject matter; accordingly, allegations of fraud and perjury alone are not sufficient to support a collateral attack. Here, as we have seen, the record discloses the essential jurisdictional facts, and that is enough, in the face of appellant's non-jurisdictional defense.[1]

Appellant's Defense Number Four is based on statements alleged to have been made by appellee and accepted as true by appellant that she was at the time of the alleged promise of marriage ineligible to contract a marriage, since she was then the wife of another man. Presumably, the court struck this defense on the theory that the alleged facts, if true, tended to prove that there had been no engagement, i. e., that they were evidential in character, and did not constitute a defense. We have no doubt that this is correct and accordingly that it was improper that they should be specially pleaded as a defense.

Appellant's Fifth Defense deals with the alleged prior unchastity of the appellee and charges her with having lived for more than nine years in open and notorious adultery with the husband of another woman; and to have borne a bastard child by the husband of still another woman who had divorced him in an action wherein she had named appellee as co-respondent. Pre-sumably, the action of the lower court in striking this defense was that there was no averment that this misconduct of appellee was the basis of appellant's breach of his alleged promise. But we are of opinion that a charge of such flagrant unchastity, when proved to have been undisclosed by appellee, and unknown to appellant at the time of making the promise, will constitute an absolute defense.

An examination of the cases discloses that there are some which hold that it is a defense to a suit for breach of promise only when the discovery of the unchastity is the assigned reason for the breach.[2] But we are not disposed to follow this reasoning. Chastity in such a relationship is an implied condition of the agreement. Although an unchaste man or woman is not barred from consummating a valid engagement or marriage, it is clear that the other party is entitled to a disclosure of conduct such as here alleged.[3] If this defense of long-sustained adulterous conduct and the birth of an illegitimate child is proved as unknown at the time of the promise, which promise was not repeated subsequent to discovery, it is sufficient to bar the action. Bell v. Eaton, 28 Ind. 468, 92 Am.Dec. 329. "The law, through implication, reads into the promise of either party to the engagement the representation of chastity and physical qualification for the relation, which, if false or a misrepresentation, constitutes a fraud vitiating the whole contract." McKane v. Howard, 202 N.Y. 181, 95 N.E. 642, 643, Ann.Cas.1912D, 960. It is of no consequence that this want of chastity is unknown to the defendant until after the breach and after the commencement of the action. Colburn v. Marble, 196 Mass. 376, 82 N.E. 28, 30, 124 Am.St.Rep. 561; Barrett v. Vander-Meulen, 264 Ky. 441, 94 S.W.2d 983.

Number Six is based on a prior similar suit against a different defendant, as showing that appellee is "claim-minded." This, we think, is a matter of evidence which may be given in impeachment of appellee's credibility, and was properly stricken.

Number Ten alleges the payment to appellee of a sum of money in considera-

---

[1] Fishel v. Kite, 69 App.D.C. 360, 363, 101 F.2d 685; Smith v. Hall, 69 Conn. 651, 38 A. 386, 392; 1 Freeman on Judgments (5th Ed. 1925) §§ 331, 332.

[2] Espy v. Jones, 1861, 37 Ala. 379, 384;

Bowman v. Bowman, 1899, 153 Ind. 498, 55 N.E. 422; cf. Sheahan v. Barry, 27 Mich. 217, 222.

[3] Cf. Sheahan v. Barry, 27 Mich. 217, 222.

tion of her acknowledgment that she had been fully compensated for all services rendered by her to appellant, which was accepted in settlement, accord and satisfaction of all claims. It is enough, as to this, to say that we are of opinion that the defense was improperly stricken.

The Ninth Defense, part of which was ordered stricken, is a mere reiteration of what is charged in the Fifth Defense as to appellee's unchaste and immoral character. While it is unnecessary, we think that since it was properly charged it should not have been stricken.

The Eleventh Defense is here withdrawn by the appellant. Moreover, we think it was properly stricken.

The case will therefore be remanded to the District Court, with instructions to set aside so much of its former order as applies to Defenses Nos. 5, 9, and 10. Each party to this appeal will pay his own costs.

Reversed and remanded.