Mavette DISMUKES, Appellant,

v.

Enos BURT, Appellee.

No. 15622.

Court of Civil Appeals of Texas.

Fort Worth.

May 13, 1955.

Kouri & Banner and Jack G. Banner, Wichita Falls, for appellant.

Nelson & Sherrod and Walter Nelson, Jr., Wichita Falls, for appellee.

MASSEY, Chief Justice.

This is an appeal from a summary judgment for a defendant in a suit for damages for breach of contract to marry.

Judgment affirmed.

Quare: May a defendant, who has agreed to marry a plaintiff at a time when the defendant was single and the plaintiff married, be held responsible in damages for breach of that agreement in a case where the plaintiff obtains a divorce in reliance thereon?

Answer: No.

■ In our opinion it matters not whether the promisor who enjoys single status at the time the promise is made might be the man or the woman. What does matter is the fact that the promisee is burdened with a character of contractual obligation at the time such promise is made which inhibits any reliance upon such a promise so made. So long as any valid marital relationship exists neither party thereto may make an enforceable contract to marry a third person. Neither may a single person make an enforceable contract to marry another who is married at the time. The plaintiff's own pleadings, which were before the trial court on the summary judgment proceedings, show that she was married at the time the defendant made the agreement to marry her upon her divorce.

■ Of course, in a case where the single person enters into such an agreement with a married person, in ignorance of the fact that such other is married, recovery of damages may be allowed as for breach, despite the illegality of the contract. Robinson v. Shockley, Tex.Civ.App., Fort Worth, 1924, 266 S.W. 420. See also cases cited and annotated under footnotes Nos. 19 and 20 on page 848 and footnote No. 1 on page 849 in 8 Am.Jur. However, the basis of such an allowance is not a recognition that there is any validity of the contract. Rather, the recovery is permitted because the illegality of the transaction is due to extrinsic facts unknown to the promisee. The reason is the same as that because of which a quasi contractual recovery is generally allowed to an innocent party to an illegal marriage. See Williston on Contracts, sec. 1631.

■ Despite circumstances in the instant case indicating the contrary, the plaintiff contends that as the non-moving party in the summary judgment proceeding she should be presumed, character-wise, to be "white as the driven snow". This we do, since no proof either pro or con is properly before us on this appeal, and we assume for the purposes of our consideration that she has no stain upon her character but was unduly put upon through the enticements and inducements on the part of the defendant, who was the moving party in the summary judgment proceedings. It could not be said that the act for which she contracted with the defendant was either criminal or tortious, but even so, the law forbids the making of such a contract because it is opposed to social welfare, and as such is to be regarded as an obnoxious executory agreement.

■ The rule of public policy that forbids an action for damages for breach of such an agreement is not based upon the impropriety of compelling the defendant to pay damages; in itself that would generally be a desirable thing. But relief as sought by the plaintiff must be denied because the transaction is absolutely void in law. The principle of public policy is this: No court will lend its aid to a person who founds a cause of action upon an immoral or an illegal act. It is upon that ground that the court must go; not for the sake of the defendant, but because it will not lend its aid to such a plaintiff. This is the case whether the premise be the illegality of the plaintiff's conduct, or the nature of the transaction irrespective of any moral impropriety on the part of the plaintiff. Williston on Contracts, sec. 1630.

The case of Ferguson v. Jackson, Tex. Civ.App., Texarkana, 1923, 248 S.W. 66, writ dism., was a case similar to the one here, except for the fact that there was a promise by the defendant to marry the plaintiff made subsequent to the dissolution of

plaintiff's marriage as well as before. From an analysis of the opinion it appears that it was for this reason that a judgment for the plaintiff was affirmed.

In the case of Groves v. Whittenburg, Tex.Civ.App., Amarillo, 1938, 120 S.W.2d 870, a plaintiff sued the estate of the man who had promised to marry her and to provide for her in the event.of his death. The deceased had promised to marry plaintiff. after she obtained her divorce, but after she obtained the divorce delayed consummation of a marriage for diverse reasons, though reaffirming the promise to marry. His death occurred without his having ever married the plaintiff. Her suit was for damages for breach of contract. The trial court sustained a general demurrer to her petition, and the appellate court upheld this action on the ground that the court was not obliged to lend itself to the enforcement of the purported contract, it being in violation of law and against public policy.

In the case of Nicholas v. Holder, Tex. Civ.App., San Antonio, 1951, 244 S.W.2d 313, writ refused, n. r. e., a plaintiff sued for damages for breach of promise to marry, the promise having been made after defendant had been divorced on the ground of cruel treatment by a former wife. That having been the ground in the divorce action the defendant's remarriage to any person other than his former wife during the year subsequent to the decree was proscribed by T.R.C.S.1925, Article 4640. The appellate court reversed and rendered the plaintiff's judgment for damages, holding that the defendant's agreement was against the public policy of this state and therefore void in view of Article 4640, even though the date set for performance of the contract was subsequent to the one year period contemplated by the Article.

The law is well settled in other jurisdictions to the effect that a contract such as that before the bar is illegal and void, and as such unenforceable. See 7 Tex.Jur., p. 268, "Breach of Promise of Marriage", sec. 2, "Capacity of Parties—Existing Marriage —* * *"; 8 Am.Jur., p. 848, "Breach of Promise of Marriage", sec. 4, "Married

Persons"; 11 C.J.S., Breach of Marriage Promise, § 2f, p. 772; "Existing Marriage; Divorce"; Restatement of the Law, Contracts, sec. 588; 130 A.L.R., p. 1011, and cases cited. This is likewise the law in Texas.

Judgment affirmed. .