**Martha COOMBS, Appellant,**

v.

**Leon FAZZIO, Jr., Appellee.**

**No. 14336.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 13, 1965.

Rehearing Denied Feb. 10, 1965.

Evans & Egger, Mauermann & Crites, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellee.

BARROW, Justice.

This suit was brought by appellant, Martha Coombs, seeking damages from appellee, Leon Fazzio, Jr., for breach · of

promise to marry. The jury found that the parties had entered into a valid contract to marry, which was not mutually abandoned, and found damages to appellant in the amount of $7,000.00.[1] A take-nothing judgment was entered, however, upon the jury's finding to Question No. 3, that the appellee did not know of the prior unchastity of appellant at the time the parties entered into the agreement to marry.

Appellant urges that there were no pleadings to justify the giving of this issue. She further complains that the issue as given was not proper because appellee not only knew of her unchastity at the time of the agreement, but admittedly had illicit intercourse with her for several months prior thereto. Appellant also urges that the issue did not establish a defense, in that no question was submitted as to whether appellee was induced to enter into the agreement by any false representation of fraud on the part of appellant.

■ It is a general rule that illicit intercourse of the plaintiff prior to the promise to marry and then unknown to the defendant, is a defense to an action for breach of promise to marry, since it violates the implied representation by the promisee that she is chaste. 12 Am.Jur.2d, Breach of Promise, § 24; 11 C.J.S. Breach of Marriage Promise § 14 f (2); Barrett v. Vander-Meulen, Ct. of App. of Ky., 94 S.W.2d 983; Kent v. Buchanan, 80 U.S.App.D.C.

50, 149 F.2d 289; Foster v. Hanchett, 68 Vt. 319, 35 A. 316. This rule has been recognized in Texas. Vogt v. Guidry, Tex. Civ.App., 220 S.W. 343, wr. ref.; Freeman v. Bennett, Tex.Civ.App., 195 S.W. 238, wr. ref.

■ The burden was upon appellee to plead, prove and secure findings to establish this affirmative defense. Rule 94, Texas Rules of Civil Procedure; Robinson v. Shockley, Tex.Civ.App., 266 S.W. 420, no wr. hist.; Freeman v. Bennett, supra. Appellee specifically denied entering into a marriage agreement with appellant and further pleaded: "Answering further, Defendants allege that shortly after defendant Leon Fazzio began dating Plaintiff (from which relationship she claims a breach of contract of marriage), he discovered that the plaintiff's general reputation did not warrant any serious affections on his part toward her. Therefore, assuming, but not admitting, that there ever was any serious intentions on his part, such thoughts, pronouncements and actions were abrogated by him upon discovery of such shocking information." There were no exceptions made by appellant to this pleading.

■ Appellant did not waive any lack of pleadings and try this issue by implied consent, in that she timely objected to the submission of Question No. 3 for lack of pleadings. Rule 67, T.R.C.P. Harkey v.

1. "QUESTION NO. 1.
"Do you find from a preponderance of the evidence that between September 1, 1960, and October 15, 1960, plaintiff, Martha Coombs, and defendant, Leon Fazzio, Jr., entered into a valid and binding contract to marry?
"We, the jury, answer: Yes.
"QUESTION NO. 2.
"Do you find from a preponderance of the evidence that after the parties entered into such valid and. binding contract to marry, if any such marriage contract you have found, plaintiff, Martha Coombs, and defendant, Leon Fazzio, Jr., mutually abandoned such agreement?
"We, the jury, answer: No.

"QUESTION NO. 3.
"Do you find from a preponderance of the evidence that the defendant, Leon Fazzio, Jr., did not know of the prior unchastity of the plaintiff, Martha Coombs, at the time that the parties entered into the agreement to marry, if any?
"We, the jury, answer: He did not know.
"QUESTION NO. 4.
"What amount of money if paid in cash now do you find from a preponderance of the evidence would reasonably compensate the plaintiff, Martha Coombs, for the failure of the defendant, Leon Fazzio, Jr., to comply with his promise, if any, of marriage?
"We, the jury, answer: $7,000.00"

Texas Employers' Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919. Appellee did not thereafter file a trial amendment.

It is our opinion that the pleadings of appellee do not raise the issue of fraud by appellant through her prior unchastity. There is a significant difference in the legal effect of a pleading of bad general reputation of the promisee and one pleading false representation as to her chastity, in that reputation is admissible in mitigation of damages, whereas, prior unchastity unknown to defendant is a bar to the action. In Freed v. Killman, 192 Miss. 643, 6 So.2d 909, the rule is stated that since loss of reputation is one of the elements of damage for breach of promise, evidence that the character or general reputation for chastity of the plaintiff is bad, is admissible on behalf of the defendant in mitigation of the damages. In Foster v. Hanchett, supra, it is recognized that general reputation of bad character as to chastity is not a bar to an action for breach of promise.

This distinction is recognized in Texas. In Vogt v. Guidry, supra, it was held that unchastity may be proved in defense of a breach of promise to marry, and that evidence of bad character in other respects may be shown in mitigation of damages. The trial court erred in overruling appellant's objection to the submission of Question No. 3 for want of pleadings. This issue not being based upon pleadings, the finding of the jury was immaterial and the trial court erred in granting judgment for appellee upon same. McDonald, Texas Civil Practice, § 17.31; Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001; Camco, Inc. v. Evans, Tex.Civ.App., 377 S.W.2d 703, 707, wr. ref. n. r. e.; Hodges v. Nix, Tex. Civ.App., 225 S.W.2d 576, wr. ref., n. r. e.

Furthermore, the defense of fraud by reason of appellant's prior unchastity is not established by the jury's finding to Question No. 3. In Vogt v. Guidry, supra, the applicable rule as to the elements of fraud to vitiate a contract to marry was stated as follows: " 'We think it is well settled that a fraud of such a kind, in its essential elements, as would invalidate an ordinary contract, is a good defense to an action upon a contract to marry.' " It is seen that the general rule that prior unchastity of the plaintiff unknown to the defendant bars the plaintiff's cause of action for breach of promise, is based upon an implied representation of chastity by the plaintiff, which if false, or a misrepresentation, constitutes fraud vitiating the contract to marry. It is our opinion that the evidence in this case raises a fact issue as to whether there was such an implied representation by the appellant.

Appellant admitted that in 1957 she had sexual relations with another man. Appellee testified that when he gave the engagement ring to appellant on October 15, 1960, he did not know of her prior sexual relations with any one other than himself, and that she had led him to believe that she was a virgin prior to their own relationship. Appellee admitted, however, that he had illicit relations with her on their second date (May 11, 1960), and frequently thereafter for several months before there was any discussion or consideration of marriage by the parties. Appellant confirmed the illicit intercourse between the parties before any consideration of marriage. In view of the almost immediate illicit relations between the parties, a fact issue was raised as to whether there was a misrepresentation of her chastity by appellant. Robinson v. Shockley, supra. This point was properly preserved by appellant's objection to the charge for failure to submit this essential element of fraud. The affirmative defense of fraud was not established by the finding to Question No. 3.

Appellant is entitled to judgment upon the jury findings on Questions Nos. 1, 2 and 4, and the trial court erred in overruling her motion for judgment on the verdict. The judgment of the trial court is therefore reversed and here rendered that appellant re-

cover from appellee damages in the amount of $7,000.00, with interest thereon from April 20, 1964, at the rate of six per cent per annum.

Reversed and rendered.