**Merle MOORE, Individually and as Next Friend of John David Bramlett, a Minor, Appellant,**

v.

**John Clifton BRAMLETT, Appellee.**

**No. 11494.**

Court of Civil Appeals of Texas.

Austin.

April 19, 1967.

Rehearing Denied May 10, 1967.

Paul H. Stanford, Cervin & Stanford, Dallas, for appellant.

Elihu E. Berwald, Rosenfield, Berwald & Mittenthal, Dallas, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from a summary judgment rendered by the court in favor of the defendant below and the appellee here, John Clifton Bramlett. Plaintiff below and appellant here, Merle Moore, had brought the suit against appellee individually and as next friend for her infant son John David Bramlett for damages by virtue of a breach of promise to marry, and in the alternative for support of her illegitimate son by virtue of hereinafter described sections of the Canal Zone Code and, further, in the alternative for appellee's breach of promise to contribute to the support of appellant's infant son.

As stated above, the trial court granted appellee's motion for summary judgment and appellant duly perfected her appeal to this Court.

We reverse the judgment of the trial court and remand the case for trial.

Appellee, a Captain in the Air Force with a wife and two children living in Dallas, Texas, was stationed in the Canal Zone when he met the appellant, a single girl twenty eight years old, who was residing in the Canal Zone as a teacher employed by the U. S. Government.

Appellant testified in her deposition, which was incorporated into her answer to appellee's motion for summary judgment, that she was seduced by appellee in October, 1964 by his telling her that he loved her and that he wanted to marry her. She learned that she was pregnant in the first part of November, 1964 and that she did not learn that he was a married man until the "first quarter" of November, 1964.

Subsequently, in June, 1965, appellee traveled to Dallas and was introduced to appellant's friends and relatives and represented himself as appellant's husband and the father of appellant's child. Appellee's son, John David Bramlett, was born in July, 1965. There is, apparently, no question but that John David is appellee's son.

■ Appellant is before this Court with three points of error, the first being the error of the trial court in granting appellee's motion for summary judgment for the reason that there is a material issue of fact as to whether appellee promised to marry appellant under circumstances sufficient to constitute a binding contract.

We sustain this point.

■ It is well settled in Texas that the marriage of the promisor at the time of making the promise is no defense to an action for damages by virtue of a breach of promise where the fact of the promisor's marriage is unknown to the promisee and where the promisee in good faith relies on the promise and likewise enters into the marriage agreement. Robinson v. Shockley, 266 S.W. 420 (Tex.Civ.App. Amarillo, 1924, no writ); Dismukes v. Burt, 279 S.W.2d 493 (Tex.Civ.App. Fort Worth 1955, no writ).

■ From a review of this entire record we find that there is sufficient evidence to raise an issue of fact as to whether there was a promise of marriage and a subsequent reliance thereon.

■ In her deposition appellant admitted that she had previously had relations with another man on two occasions and that she had been engaged to marry this man. Appellee contends that damages for the breach will not lie inasmuch as this intercourse of appellant prior to the promise to marry, and then unknown to appellee, is a defense to the action, since it violates the implied representation by appellant that she is chaste. This is a valid general statement of the law; however, under the rule stated in Coombs v. Fazzio, 386 S.W.2d 650, (Tex.Civ.App. San Antonio 1965, writ ref'd. n. r. e.), the Court held in a situation similar to this that by virtue of his own frequent illicit relations with the promisee a fact issue was raised as to whether there was a misrepresentation of the promisee's chastity. While in *Coombs* illicit relations were had by the parties for several months prior to the proposal of marriage, the record here is not clear how many illicit liaisons were had by the parties at bar before the alleged proposal of marriage. Appellant's deposition does reflect, however, that relations were had by these parties frequently from October of 1964 until the summer of 1965 and that during this time appellee continuously assured appellant that he wanted to marry her. In fact he represented himself to be appellant's husband as shown above.

*Coombs* cites with approval from Vogt v. Guidry, 220 S.W. 343 (Tex.Civ.App. San

Antonio 1920, writ ref'd.) to the effect that the applicable rule as to the elements of fraud necessary to vitiate a contract to marry are similar to those which would invalidate an ordinary contract.

It is our opinion that the pleadings and deposition of the appellant raise a fact issue as to whether there was such an implied representation by the appellee and whether appellant relied on such representations.

Appellant's second point is the error of the court in granting summary judgment for the reason that Title 8, Sections 461, 464, 465, 466 and 467, Canal Zone Code, requires appellee to support his illegitimate child.

We overrule this point.

Title 8, Section 461 of the Canal Zone Code provides as follows:

"(a) An action pursuant to this sub-chapter may be brought by:

(1) a female resident of the Canal Zone who has delivered an illegitimate child or who is pregnant with a child which, if born alive, would be illegitimate; or

(2) an illegitimate child or, if the illegitimate child is a minor or otherwise incompetent, his next friend.

(b) An action for the support of a child still unborn may not be brought unless the mother files a certificate from an authorized physician specifying that she is pregnant. * * *"

Appellant cites this Court to the decision of our Supreme Court in Bjorgo v. Bjorgo, 402 S.W.2d 143, 1966, holding that a Texas resident could be held liable for the support of his illegitimate child under a support obligation incurred in Kentucky. Here the action was sought to be enforced and was enforced by the court under a statute of this State known as the Enforcement of Support Act, Vernon's Tex.Rev.Civ.Stat. Ann. art. 2328b–1 et seq.[1]

*Bjorgo* is not in point here as the case at bar was not brought under the Act consequently is controlled by the holding of our Supreme Court in State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 67 A.L.R.2d 758, 1958, which holds that the statutes of a state ex proprio vigore have no extraterritorial effect.

Appellant's point of error number three is the error of the court in granting defendant's motion for summary judgment for the reason that there is a material issue of fact as to whether appellee promised to support appellant's illegitimate son.

We sustain this point.

Plaintiff pleaded that while they were both still residents of the Canal Zone, appellee acknowledged paternity of his illegitimate child and led her to believe he would contribute to the support of the child and appellant in reliance of this agreement did forebear instituting paternity proceedings under the above-mentioned Title 8 of the Canal Zone Code.

We hold that appellant was entitled to the protection of the Canal Zone Code during her residency there and that her pleadings alleging a contract of support raise a fact situation pertinent thereto.

Appellee contends that by her deposition, appellant has admitted to being a citizen of Dallas. There is no doubt that after leaving the Canal Zone, before the baby was born, appellant went to Dallas where she had lived previously and became a resident there; however, her residency status at the time she was living in the Canal Zone

1. Art. 2328b–3 Sec. 7 is as follows: "Duties of support enforceable under this law are those imposed or imposable under the laws of any state where the alleged obligor was present during the period for which support is sought or where the obligee was present when the failure to support commenced, at the election of the obligee, but shall not include alimony for a former wife."

during which time she conceived, is a matter of fact to be determined. 98 A.L.R. 2d 488.

We reverse and remand this cause for trial.

Reversed and remanded.

## CONCURRING OPINION

HUGHES, Justice.

The wrongful conduct of Miss Moore and Mr. Bramlett in the Canal Zone resulting in her pregnancy and the birth of John David Bramlett in Dallas, Texas, would have, under the statutes of the Canal Zone, given Miss Moore, from the time of such pregnancy and if then a resident of the Canal Zone, a cause of action against Mr. Bramlett for the maintenance of such minor until it reached the age of 21 years. Such statutes also gave the minor, irrespective of the residency of either the father or mother, a cause of action against its father for its maintenance.

I do not believe that the minor has a cause of action under the Canal Zone statutes maintainable in Texas against Mr. Bramlett for while the tort, the wrongful conduct of the parties from which injury and damages resulted to this child, occurred in the Canal Zone such injuries and damages were and are being sustained in Texas. From the following statement of the law, taken from 16 Am.Jur.2d Sec. 72, p. 113, I am of the opinion that, since Mr. Bramlett is not liable under the Texas law for the support of his son David, he cannot be held liable under the Canal Zone Code:

"Where the issue is the choice between the law of the place where an allegedly wrongful act or omission took place and the law of the place where the injury or harm was sustained, the general rule is that the place of the tort, within the contemplation of the rule that the law of the place of the tort or wrong governs liability and other substantive matters, is the place of the injury or harm."

Nor do I believe that Miss Moore has a cause of action against Mr. Bramlett under the Canal Zone Code for the reason that she is not suing as a pregnant woman and she did not deliver the child in the Canal Zone.

I concur in the decision of the Court.

## ON MOTION FOR REHEARING

PHILLIPS, Chief Justice.

We withdraw from our opinion the statement: "There is apparently, no question that John David is appellee's son." This statement is not necessary to our holding therein.

In all other respects appellee's motion for rehearing is overruled.

Motion overruled.